UNITED STATES of America, Appellee,

v.

Parmenio POTES, Defendant,
Appellant.

UNITED STATES of America, Appellee,

v.

Wilfrido MATHIEU–PALENCIA,
Defendant, Appellant.

UNITED STATES of America, Appellee,

v.

Luis Alberto MORENO–MENA,
Defendant, Appellant.

UNITED STATES of America, Appellee,

v.

Fernando Francisco FLORES,
Defendant, Appellant.

UNITED STATES of America, Appellee,

v.

Ferdi Olaya BRYAN–TAYLOR,
Defendant, Appellant.

UNITED STATES of America, Appellee,

v.

Antonio A. ARCHBOLD–HAWKINS,
Defendant, Appellant.

UNITED STATES of America, Appellee,

v.

Orlando Emilio
SANDOVAL–MARTINEZ,
Defendant, Appellant.

Nos. 87–1591, 87–1643 and
87–1645 to 87–1648.

United States Court of Appeals,
First Circuit.

July 27, 1989.

As Amended Aug. 22, 1989.

Jeffrey M. Williams, Santurce, P.R., by Appointment of the Court, with whom Angel Montanez, Patillas, P.R., by Appointment of the Court, was on briefs for defendants, appellants Ferdi Olaya Bryan–Taylor, Orlando Emilio Sandoval–Martinez.

Peter John Porrata for Wilfrido Mathieu–Palencia.

Robert J. Sicilia, by Appointment of the Court, for defendant, appellant Parmenio Potes.

Jose A. Fuentes Agostini, by Appointment of the Court, with whom Law Offices of Jose A. Fuentes Agostini, San Juan, P.R., and Frank Catala Morales, Bayamon, P.R., were on briefs for defendants, appellants Luis Alberto Moreno–Mena and Fernando Francisco Flores.

Rafael Gonzalez Velez, by Appointment of the Court, with whom Rafael Gonzalez Velez Law Offices was on brief for defendant, appellant Antonio Archbold–Hawkins.

Luis A. Plaza, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for U.S.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

On November 14, 1986, U.S. Coast Guard officers boarded the fishing vessel *Rose–Marie 10* in international waters off the coast of Colombia and found it to be carrying a large quantity of marijuana. Appellants were members of the *Rose–Marie 10*'s crew. They were indicted on two counts: possessing with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of former 21 U.S.C. § 955a(a) (1982), and possessing with intent to import to the United States a controlled substance, in violation of former 21 U.S.C. § 955a(d)(1) (1982).

Before the case was submitted to the jury, appellants moved for a judgment of acquittal under Fed.R.Crim.P. 29, on the ground that the evidence was insufficient to sustain a conviction. The district court denied the motion. The motion was re-newed after appellants' conviction and again denied. Appellants appeal from these denials, arguing that there was insufficient evidence to establish that the *Rose–Marie 10* was "subject to the jurisdiction of the United States."

■ As a preliminary point, we note that the offense charged in the second count, "possession with intent to import," was no longer on the books at the time of the arrest and indictment. The appellants were arrested on November 14, 1986, and indicted on November 26, 1986. The statute cited in the indictment, codified at former 21 U.S.C. § 955a, had been amended several weeks earlier, on October 27, 1986, by Pub.L. No. 99–570, § 3202 (the Maritime Drug Law Enforcement Act), 1986 U.S. Code Cong. & Admin.News (100 Stat.) 3207–95, codified at 46 U.S.C.App. §§ 1901–1903 (Supp.1987). An identical amendment was made on November 10, 1986 by Pub.L. No. 99–640 (the Coast Guard Authorization Act of 1986), § 17, 1986 U.S.Code Cong. & Admin.News (100 Stat.) 3545, 3552. The parties agree that only the amended statute is applicable to this case. Under the new law, four separate offenses stated in the old law were consolidated into a single offense. *See* S.Rep. No. 530, 99th Cong., 2d Sess. 16, *reprinted in* 1986 U.S.Code Cong. & Admin.News 5986, 6001. The new law refers only to vessels subject to the jurisdiction of the United States and does not include "possession with intent to import" as a separate offense. A person cannot constitutionally be convicted of a crime that does not exist at the time of the alleged conduct. Therefore, the convictions on Count Two must be reversed.

■ The conduct charged under Count One as contrary to former 21 U.S.C. § 955a(a) continued to be criminal at the time of the arrest, under 46 U.S.C.App. § 1903(a). The amended and recodified statute provides in relevant part:

It is unlawful for any person ... on board *a vessel subject to the jurisdiction of the United States* ... to possess with

intent to ... distribute, a controlled substance.

46 U.S.C.App. § 1903(a) (emphasis added). The statute proceeds to define "a vessel subject to the jurisdiction of the United States" as including "a vessel without nationality." 46 U.S.C.App. § 1903(c)(1)(A). This definition corresponds to the definition under 21 U.S.C. § 955a(a), as provided in 21 U.S.C. § 955b(d) (1982). The parties all assumed at trial that 46 U.S.C.App. § 1903(a)—rather than 21 U.S.C. § 955a(a), as listed in the indictment—was the relevant statute. Because appellants were not prejudiced by their indictment under the old rather than the new statutory provision, the indictment's failure to refer to the correct statute can be excused as harmless error. *See* Fed.R.Crim.P. 7(c)(3) ("Error in the citation or its omission shall not be ground for ... reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." *Cf. United States v. Mena*, 863 F.2d 1522, 1527 (11th Cir.1989) (although at the time of the crime and indictment 21 U.S.C. § 955a had been amended, defendants could still be charged with violation of this statute).

At trial, the government attempted to show that the *Rose–Marie 10* was in fact "a vessel without nationality." The facts, insofar as they are relevant to the jurisdictional issue, are derived from the testimony at trial of Coast Guard Chief Petty Officer Eddie Villafane and from a tape recording of the radio communications between the United States Navy vessel *McCloy* and the *Rose–Marie 10*. The tape recording, containing communications that extended over an eight-hour period, was played for the jury, without objection by defendants. The communications were mostly in Spanish, and they were translated into English by the court translator. A transcript of the tape recording was not made available to us as part of the record on appeal. However, the parties do not dispute the relevant contents of the recording.

The relevant facts may be summarized as follows:

1. The *McCloy* encountered the fishing vessel *Rose–Marie 10* on the high seas, off the coast of Colombia. The fishing vessel, a shrimper, was "riding low in the water." After seeing the *McCloy*, the *Rose–Marie 10* began "running away trying to get back into Colombian waters." The vessel "had a lot of electronic gear" which was unusual for a "shrimper."

2. The *Rose–Marie 10* was not displaying a flag when the *McCloy* encountered it. Officer Villafane could see the words "Honduras" and "Rose–Marie 10" on the back of the boat.

3. The *McCloy* established radio communications with the *Rose–Marie 10*. In his testimony, Officer Villafane identified the person speaking on the *Rose–Marie 10*'s radio as the vessel's master. The *Rose–Marie 10*'s spokesman denied permission to board. Upon questioning by Officer Villafane, the spokesman acknowledged that the vessel was registered in Honduras but could not produce registration numbers.

4. The *McCloy* advised the *Rose–Marie 10* that it was trying to obtain a "statement of no objection" from the Honduran government, and it ordered the vessel to stop.

5. The *Rose–Marie 10* then hoisted a Colombian flag. When questioned by the *McCloy*, the *Rose–Marie 10*'s spokesman explained that although the vessel was Honduran, the crew members were Colombian and they were displaying their national flag.

6. The *McCloy* advised the *Rose–Marie 10* that her hoisting a Colombian flag made her out to be a stateless vessel. The *Rose–Marie 10* then lowered the Colombian flag and raised the Honduran flag.

7. After some time had passed, the *McCloy* advised the *Rose–Marie 10* that a statement of no objection had been received from the Honduran government. But the vessel refused to stop.

8. After repeated warnings and warning shots, the *McCloy* fired disabling shots at the *Rose–Marie 10*. The *Rose–Marie 10* stopped. Coast Guard officers then board-

ed the vessel and found a large quantity of marijuana. No Honduran registry papers were found on board.

In ruling on the motion for acquittal, the district court concluded that there was sufficient evidence to find that the vessel was subject to the jurisdiction of the United States, on the ground that "the Coast Guard had reason to believe that the [*Rose–Marie 10*] was a stateless vessel." In support of this conclusion, the court noted that the vessel kept sailing despite numerous attempts to communicate with her, that it was sailing very low, that it had a large crew for a shrimper, that it did not initially display a flag (although it had the word "Honduras" on its back), and that it "did not display a Honduran flag until some time after the Coast Guard's pursuit of it, and not until it was asked to do so." The court noted that after the vessel had raised the Honduran flag, the Coast Guard —"out of due caution"—obtained a statement of no objection from Honduras. Despite this, the court ruled, "the Coast Guard ... could still be suspicious that the vessel was stateless."

The district court's ruling reflects a fundamental confusion—one that may have been fostered by arguments made by the government—about the thrust of the Rule 29 motion. The court plausibly ruled that the Coast Guard had a *reasonable suspicion* that the *Rose–Marie 10* was stateless, and that that justified its *boarding and*

*search* of the vessel. But even assuming that this was so, there remains the separate question whether the evidence was sufficient to satisfy an essential element of the offense charged: that the vessel was "subject to the jurisdiction of the United States." 46 U.S.C.App. § 1903(a).[1]

■ To decide whether there was sufficient evidence to support a finding that the *Rose–Marie 10* was a "vessel without nationality"—in other words, a "stateless vessel"—we look to the definitions provided by the statute. The relevant subsections read as follows:

(c)(2) For purposes of this section, a "vessel without nationality" includes—

(A) a vessel aboard which the master or person in charge makes a claim of registry, which claim is denied by the flag nation whose registry is claimed; and

(B) any vessel aboard which the master or person in charge fails, upon request of an officer of the United States empowered to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel.

. . . .

(c)(3) For purposes of this section, a claim of nationality or registry only includes:

(A) possession on board the vessel and production of documents evidencing the vessel's nationality in accordance with

---

1. Compounding this confusion was a second error. After denying the Rule 29 motion, the district court gave the case to the jury without instructing it that, to convict, it must find that the vessel was "subject to the jurisdiction of the United States." This essential element of the offense required resolution of the factual issue of whether the vessel was stateless. Because this jurisdictional requirement was an element of the offense, and because it depended upon factual as well as legal determinations, it was for the jury to decide whether it had been satisfied. *See United States v. Canales*, 744 F.2d 413, 434 (5th Cir.1984) ("the trial court may under *no* circumstances withdraw any element of an offense from the jury's consideration in a criminal case") (emphasis in original); *United States v. Ayarza–Garcia*, 819 F.2d 1043, 1048–49 (11th Cir.) (the jurisdictional element is a material element of the crime under 21 U.S.C. § 955a(a) and, upon denial of defendants' Rule 29 mo-

tions, is a question for the jury), *cert. denied*, —— U.S. ——, 108 S.Ct. 465, 98 L.Ed.2d 404 (1987). The defendants did not object to the jury instructions. But failure to instruct the jury on an element of the crime may be so clear an error as to require a new trial despite the lack of a timely objection. *Cf. United States v. Sturm*, 870 F.2d 769, 777 (1st Cir.1989) ("Jury instructions that allow a conviction even though the jury may not have found that the defendant possessed the mental state required for the crime constitute plain error") (citations omitted). Thus, even were we to accept the district court's view that the evidence was sufficient to support appellants' convictions, we might well be required to remand the case for a new trial. In light of our conclusion that the evidence was *not* sufficient, we need not, however, decide whether the court's failure to submit this jurisdictional element to the jury was clear error.

article 5 of the 1958 Convention on the High Seas;

(B) flying its flag nation's ensign or flag; *or*

(C) a verbal claim of nationality or registry by the master or person in charge of the vessel.

46 U.S.C.App. §§ 1903(c)(2) and (c)(3) (emphasis added).

In support of its theory that the *Rose–Marie 10* was stateless, the government argued to the district court that no Honduran registry papers were found aboard the vessel. But the disjunctive "or" in 46 U.S.C.App. § 1903(c)(3) makes clear that the presence of registry papers is not necessary to establish "a claim of registry." 46 U.S.C.App. § 1903(c)(2)(A). A "verbal claim of nationality or registry by the master or person in charge of the vessel," 46 U.S.C.App. § 1903(c)(3)(C), is sufficient. Here the undisputed evidence was that such a verbal claim was made by the *Rose–Marie 10*'s spokesman, who was apparently its master. And there was no evidence that this claim of Honduran registry was ever "denied by the flag nation whose registry is claimed." 46 U.S.C.App. § 1903(c)(2)(A). We conclude that the evidence, even when viewed in the light most favorable to the government, *see, e.g., United States v. Molinares–Charris*, 822 F.2d 1213, 1218 (1st Cir.1987), was not sufficient to prove that the *Rose–Marie 10* was a "vessel without nationality." Accordingly, appellants' convictions must be reversed.[2]

The government argues, in the alternative, that the *Rose–Marie 10* was "subject to the jurisdiction of the United States" because the vessel was "registered in a foreign nation" (Honduras) which had "consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C.App. § 1903(c)(1)(C). But even if there were sufficient evidence to show that the *Rose–Marie 10*'s flag nation had consented to the arrest and prosecution—and we do not believe that there was—this argument cannot be considered.

In 21 U.S.C. § 955a(a) (the offense charged in the indictment), a "vessel subject to the jurisdiction of the United States"—as specifically defined in 21 U.S.C. § 955b(d)—referred only to stateless vessels and the equivalent. *See United States v. Doe*, 878 F.2d 1546, 1548 (1st Cir.1989). Under former 21 U.S.C. § 955a, possession with intent to distribute a controlled substance on board a vessel whose flag nation consents to the enforcement of United States law is a *different offense*—namely, possession with intent to distribute "within the customs waters of the United States," as stated in 21 U.S.C. § 955a(c) and defined by reference in 21 U.S.C. § 955b(a) to 19 U.S.C. § 1401(j) (1982)—from possession with intent to distribute on board "a vessel subject to the jurisdiction of the United States." *See United States v. Doe*, 878 F.2d at 1549–1550; *United States v. Doe*, 860 F.2d 488, 490 (1st Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1961, 104 L.Ed.2d 430 (1989). *See also United States v. Christensen*, 732 F.2d 20, 23 (1st Cir.1984) ("21 U.S.C. § 955a(a)–(d) state separate offenses, because each section requires some factual proof not required by another"). It is true that the *amended* statute, 46 U.S.C.App. § 1903(a), defines a "vessel subject to the jurisdiction of the United States" in such a way as to include the case in which a flag nation has consented to prosecution. But since appellants were indicted not under 46 U.S.C.App. § 1903(a) but under former 21 U.S.C. § 955a(a), the indictment did not inform them that they would be tried for the offense of possessing marijuana on a foreign vessel whose flag nation had provided its consent. As we recently held in a similar case, Fed.R.Crim.P. 7(c)(3)'s "harmless error" rule does not apply:

> [G]iven the fact that a defendant reading the indictment would find it impossible to know that the Government was charging a "foreign vessel/with permission" drug crime [and not a "stateless vessel" drug crime], we cannot say that this mistake was "harmless," or that defendants were not "misled to their prejudice."

2. Because of our disposition of the case, we need not address appellants' other arguments on appeal, including their contention that the Coast Guard's search of the *Rose–Marie 10* was illegal.

*United States v. Doe,* 878 F.2d at 1550. Indeed, the trial record strongly suggests that defendants—and the court—*were* misled by the government's shifting theory of the jurisdictional element of the crime. *See also United States v. Stirone,* 361 U.S. 212, 217–18, 80 S.Ct. 270, 273–74, 4 L.Ed.2d 252 (1960) (defendant cannot be convicted of an offense not contained in the indictment); *United States v. Young,* 730 F.2d 221, 224 (5th Cir.1984) ("if a federal offense may be predicated upon alternative bases of jurisdiction, a defendant's conviction cannot rest upon a basis ... different from that charged in the indictment") (citations omitted).[3]

*Reversed.*

**3.** There is a different theory under which the jurisdictional element might conceivably have been satisfied. Under 21 U.S.C. § 955a(a), a "vessel subject to the jurisdiction of the United States" also includes a "vessel assimilated to a vessel without nationality, in accordance with paragraph (2) of article 6 of the Convention on the High Seas, 1958." 21 U.S.C. § 955b(d). This provision is retained in the amended and recodified statute. 46 U.S.C. App. § 1903(c)(1)(B). Under this provision, a vessel may be found to be subject to United States jurisdiction "even if validly registered in another country if it 'sails under the authority of two or more states, and uses them according to convenience' or falsely claims a nationality other than that of the country in which it is registered." *United States v. Ayarza–Garcia,* 819 F.2d 1043, 1046 (11th Cir.1987) (paraphrasing the Convention on the High Seas, Art. 6(2), *opened for signature* April 29, 1958, 13 U.S.T. 2312, T.I.A.S. No. 5200) (citations omitted). *See also United States v. Pinto–Mejia,* 720 F.2d 248, 252–53 (2d Cir.1983). The government has never advanced this theory as a basis for jurisdiction, however, and therefore we will not pursue it further.