**UNITED STATES of America, Appellee,**

v.

**Kenneth Lee MAZZAFERRO,**
**Defendant, Appellant.**

**No. 89–1519.**

United States Court of Appeals,
First Circuit.

Heard April 6, 1990.
Decided July 3, 1990.

Theodore L. Craft, Boston, Mass., was on brief for defendant, appellant.

Jorge E. Vega–Pacheco, Asst. U.S. Atty., San Juan, P.R., with whom Daniel F. López–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before BREYER, Chief Judge, TORRUELLA and CYR, Circuit Judges.

TORRUELLA, Circuit Judge.

This is an appeal from the order of the United States District Court for the District of Puerto Rico sentencing appellant Kenneth Lee Mazzaferro for three counts of violation of federal narcotics laws. For the reasons given below, we vacate in part and affirm in part.

## I. BACKGROUND

On December 11, 1986 at 3:00 a.m., the USS GLOVER, while approximately 130 miles southwest of Roosevelt Roads, Puerto Rico, encountered a 50 foot sailing vessel with the name S/V TRAVELER painted on its stern. The master of the S/V TRAVELER stated that their last port of call had been Galveston, Texas, and that they were on route to the Virgin Islands. The S/V TRAVELER was on the high seas, and was flying a United States flag.

At about 7:00 a.m., the USS GLOVER renewed contact with the S/V TRAVELER, and advised the S/V TRAVELER that it would be boarded. Upon boarding, the Coast Guard boarding party smelled marihuana, and noticed that the sailboat was in a state of disarray. Upon entry into the main cabin, a bale of marihuana was observed. Coast Guard officials then observed through locked but slotted cabin doors other bales similar to the one in the main cabin. The Coast Guard was denied permission to enter the locked cabin, whereupon the doors were forced open. Thereafter, the S/V TRAVELER was seized, together with 3,465 pounds of marihuana. The crew, including appellant Kenneth Lee Mazzaferro, was arrested.

Mazzaferro was indicted on three counts of federal narcotics law violations. The indictment charged appellant with: [Count 1] being on board a vessel of the United States in possession with intent to distribute controlled substances, 18 U.S.C. § 2, 21 U.S.C. §§ 955a(a) and (f); [Count 2] possession with intent to distribute controlled substances by a United States citizen, 18 U.S.C. § 2, 21 U.S.C. §§ 955a(b) and (f); and [Count 3] possession with intent to import controlled substances into the United States, 18 U.S.C. § 2, 21 U.S.C. §§ 955a(d) and (f), 3,465 pounds of marihuana. After a jury trial, Mazzaferro was found guilty on all counts and sentenced to 20 years on each of the three counts, to be served concurrently, together with a five-year concurrent term of supervised release and a $25,000 fine.

An appeal was made, and this court set aside appellant's original sentence because no reason had been given for the difference between his sentence and that of his co-defendants. *See United States v. Mazzaferro*, 865 F.2d 450, 460 (1st Cir.1989). The conviction was, however, affirmed on its substantive grounds. *See id.*

## II. COUNTS TWO AND THREE

■ On this second appeal, Mazzaferro argues that he is entitled to a judgment of acquittal on Counts 2 and 3, which charged violation of 21 U.S.C. §§ 955a(b) and (d), because the law in effect at the time of the alleged commission of the offense was 46 U.S.C.App. § 1903(a) rather than 21 U.S.C. § 955a. Since he was not indicted under 46 U.S.C.App. § 1903(a), he argues that his conviction cannot be sustained with reference to its jurisdictional basis. The government concedes this point, and we find no fault with its doing so.

46 U.S.C.App. § 1903[1] is not a mere recodification of 21 U.S.C. § 955a,[2] but is,

1. Before a 1988 amendment not at issue here, 46 U.S.C.App. § 1903(a) made it a crime for: any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance.
   *See United States v. Doe (O'Brien)*, 878 F.2d 1546, 1550 (1st Cir.1989).

2. 21 U.S.C. § 955a provides, in pertinent part:

(b) It is unlawful for a citizen of the United States on board any vessel to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance.
. . . .
(d) It is unlawful for any person to possess, manufacture, or distribute a controlled substance—
(1) intending that it be unlawfully imported into the United States; or

instead, a superseding statute in that it adds technical dimensions to the jurisdictional basis for conviction not present in 21 U.S.C. § 955a(a). As the government concedes, *United States v. Potes*, 880 F.2d 1475 (1st Cir.1989), requires the vacation of the concurrent sentence imposed for Count 3, because the offense of possession with intent to import was no longer on the books at the time of arrest and indictment. *Id.* Similarly, the concurrent sentence imposed for Count 2, possession of a controlled substance by a United States citizen on board any vessel, must also be vacated. At the time of the commission of the offense, 46 U.S.C.App. § 1903(a) did not provide for a separate crime if a United States citizen was found in possession of a controlled substance on board any vessel. The statute has since been amended, but the offense for which appellant was convicted on Count 2 was not prohibited conduct from November 10, 1986 until November 17, 1988. *Cf. United States v. Ferryman*, 897 F.2d 584 (1st Cir.), *reh'g denied*, 1990 WL 14800, 1990 U.S.App. LEXIS 4222 (1990).

## III. COUNT ONE

■ Although the concurrent sentences for Counts 2 and 3 must be vacated, the same is not true of that imposed for Count 1. In that Count, appellant was charged with being a person on board a vessel of the United States while in possession of some 3,465 pounds of marihuana. Although appellant is correct in arguing that he was incorrectly charged under 46 U.S.C. App. § 1903(a), rather than 21 U.S.C. § 955a(a), the error is harmless. Fed.R. Crim.P. 7(c)(3) provides that an "[e]rror in the citation ... shall not be ground ... for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice."

(2) knowing that it will be unlawfully imported into the United States.

**3.** It is, of course, uncontested that appellant was on board the S/V TRAVELER.

**4.** Although appellant also argues that upholding his conviction under the later-enacted statute would violate the ex post facto clause of the

Under either statute, the government could meet its burden of proof by showing only that appellant was on board a vessel of the United States in possession of a controlled substance with intent to distribute the same. *See* 46 U.S.C.App. § 1903(a); 21 U.S.C. § 955a(a). This, we believe, it did. The record clearly demonstrates that the S/V TRAVELER was "a vessel documented under chapter 121 of Title 46," making it a vessel of the United States. *See* 46 U.S.C.App. § 1903(b)(1); 21 U.S.C. § 955b(b). Moreover, when asked by the Coast Guard for the nationality of the vessel, the master responded, "U.S.," and the evidence indicates that the S/V TRAVELER was flying a United States flag, which, at least under the conditions stated above, subjects it to the jurisdiction of the United States. *United States v. Maynard*, 888 F.2d 918 (1st Cir.1989).[3]

Since the government met its burden of proving what it alleged, appellant was not prejudiced by the fact that his indictment was made under the old rather than the new statutory provision. Thus, his conviction under Count I may stand.[4]

## IV. PROPRIETY OF SENTENCE IMPOSED

■ Finding, as we do, that the applicable statute at the time of the commission of the offense was 46 U.S.C.App. § 1903(a), we look to its penalty provision to determine the propriety of appellant's sentence. The penalty provision of that statute provides that:

Any person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. § 960).

46 U.S.C.App. § 1903(g)(1). Section 960 of Title 21 states that, in the case of marihua-

Constitution, we find that argument without merit. There are no relevant differences between the former 21 U.S.C. § 955a(a), and the more recently enacted 46 U.S.C.App. § 1903(a). Appellant was charged as being in possession of a controlled substance while on board a vessel of the United States. That is an offense under either statute.

na, any person who possessed, on board a vessel, 1000 kilograms or more of marihuana, "shall be sentenced to a term of imprisonment of not less than ten (10) years and not more than life and a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $4,000,000...." The statute also mandates that a term of supervised release, in addition to the term of imprisonment, be imposed. Accordingly, we find that appellant's sentence for possessing 3,465 pounds of marihuana was not only within the statutory minimum, but it *was* the statutory minimum.

Although appellant also argues that his marginal involvement in the enterprise for which he was convicted entitled him to a presumption that his punishment ought to be less than that of his co-defendants, we find that the district court properly sentenced him in accordance with the applicable sentencing guidelines. Since the government did not request a departure from those guidelines, the district court had no authority to sentence him below the minimum term of 10 years. *See* 18 U.S.C. § 3553(e).

As to appellant's contention that the fine imposed upon him was improper because he is indigent, we find that the issue is premature for appeal. *See United States v. Levy,* 897 F.2d 596, 598 (1990). As we stated in *Levy,* "[w]e see no reason either to speculate unnecessarily about the possibility of future harm or to intervene to protect [defendant] from what is, at the moment, 'a merely hypothetical injury.'" *Id.* (citing *United States v. Hewes,* 729 F.2d 1302, 1324–25 (11th Cir.), *reh'g denied,* 734 F.2d 1481 (1984), *cert. denied,* 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985)).[5]

We need go no further. For the reasons expressed above, the concurrent sentences and convictions imposed for Counts 2 and 3

are hereby vacated, and the conviction and sentence imposed for Count 1 is affirmed.

*Vacated* in part, *affirmed* in part.

---

5. Moreover, because the record is devoid of evidence of his having made this objection to the district court, we are skeptical, although we do not decide the issue, about its having been properly preserved for appeal.

Appellant makes a final argument, based on an apparent misunderstanding of a statement

made by the United States Parole Board, about when he is entitled to be paroled. Because the record does not contain reference to this alleged misstatement, we find no need to address this issue.