**UNITED STATES, Appellee,**

v.

**Rafael GARAY, Defendant, Appellant.**

**No. 90–1654.**

United States Court of Appeals, First Circuit.

Submitted Oct. 12, 1990.

Decided Dec. 12, 1990.

Rafael Garay, on brief pro se.

Jose R. Gaztambide, Asst. U.S. Atty., and Daniel F. Lopez–Romo, U.S. Atty., on brief, for appellee.

Before CAMPBELL, TORRUELLA, and SELYA, Circuit Judges.

PER CURIAM.

Appellant, convicted of various drug offenses, filed a motion to reduce his sentence contending that the district court had applied the wrong version of the relevant sentencing statute. Appellant claimed that his sentence was too long, that he should be eligible for parole, and that he should not be subject to a term of supervised release. The district court replaced appellant's term of supervised release with a special parole term, but otherwise denied appellant's motion. Appellant has appealed from that denial repeating the contentions rejected below. As the proper sentence is determined by the amount and type of controlled substance involved, as well as the date the offense took place, we turn to the relevant background.

Appellant was convicted of violating 21 U.S.C. § 955a(c) (unlawful for any person on board a vessel within United States customs waters to possess a controlled substance with intent to distribute) and 21 U.S.C. § 955a(b) (unlawful for United States citizen on board a vessel to possess with intent to distribute a controlled substance). As charged in the indictment, the offenses took place on November 16, 1986 and involved 10,000 pounds of marihuana. Appellant received a 25 year term of imprisonment plus 5 years supervised release on each count, the prison term to be served concurrently. This court affirmed appellant's convictions (as well as those of his co-defendants) on direct appeal. *United States v. Doe*, 860 F.2d 488 (1st Cir.1988), *cert. denied sub nom. Andrades–Salinas v. United States*, 490 U.S. 1049, 109 S.Ct. 1961, 104 L.Ed.2d 430 (1989).

Although appellant has not raised the matter, we note that on November 16, 1986, when the offenses took place, 21 U.S.C. § 955a was no longer in force. A

few days earlier, the statute had been superseded by 46 U.S.C.App. § 1903. Section 1903 continued to proscribe the conduct prohibited by 21 U.S.C. § 955a(c) (possession of controlled substance on board a vessel within United States customs waters with intent to distribute), but did not, as of November 16, 1986 (46 U.S.C.App. § 1903 was later amended in 1988), make unlawful the second offense—the violation of 21 U.S.C. § 955a(b)—of which appellant was convicted. Consequently, the conviction and concurrent sentence for count three, violation of 21 U.S.C. 955a(b), must be vacated. *See United States v. Mazzaferro*, 907 F.2d 251, 252–53 (1st Cir.1990) (vacating concurrent sentence imposed for possession of a controlled substance by a United States citizen on board a vessel as said conduct was not prohibited at the time the offense was committed). With this background, we turn to appellant's arguments.

1. *Imprisonment Term*

■ As the applicable statute at the time of the commission of the offense was 46 U.S.C.App. § 1903, appellant's sentence is governed by 46 U.S.C.App. § 1903(g). Section 1903(g) provided, at the time appellant possessed the marihuana in question (November 16, 1986), as follows:

(1) Any person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive Crime Control Act of 1970 (21 U.S.C. § 960).

Section 960, in turn, read, as of November 16, 1986, as follows:

(b) Penalties

(1) In the case of a violation of subsection

(a) of this section involving —

.    .    .    .    .

(G) 1000 kilograms or more of a mixture or substance containing a detectable amount of marihuana;

the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life. . . . No person sentenced under this paragraph shall be eligible for parole during the term of imprisonment imposed therein.

Pub.L. No. 91–513, title III, § 1010, 84 Stat. 1290 (1970), as amended by Pub.L. No. 98–473, title II, § 504, 98 Stat. 2070 (1984) and Pub.L. No. 99–570, title I, §§ 1302, 1866(e), 100 Stat. 3207–15, 3207–55 (October 27, 1986).

Appellant's 25–year sentence falls well within the 10–year to life sentence mandated by § 960(b), as amended, through 1986. Appellant maintains, however, that the maximum allowable sentence was 15 years. To reach this result, he relies on an earlier version of § 960. He argues that those provisions of the Anti–Drug Abuse Act of 1986 (ADAA), Pub.L. No. 99–570 (October 27, 1986) which increased the penalties for drug offenses were not meant to take effect until the sentencing guidelines became effective, that is, the 1986 amendments would apply only to offenses committed after November 1, 1987, a date after the commission of appellant's offense. Appellant views the guidelines and the enhanced penalties as parts of a single, comprehensive package of sentencing reform, all of which was to go into effect at one time. Consequently, the pre–1986 amendment version of § 960(b) with its lesser penalties should apply, appellant argues.

■ We disagree. The normal presumption is that statutes are effective upon passage. *United States v. Ferryman*, 897 F.2d 584, 588–89 (1st Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990). To be sure, *contrary indications may overcome that presumption.* Here, however, we see insufficient indications to overcome the general rule. Certain provisions of the ADAA of 1986 were expressly delayed until November 1, 1987. *See* Pub.L. No. 99–570, title I, § 1004, 100 Stat. 3207–6 (1986) (expressly delaying effective date of the switchover from special parole to supervised release). In view of the fact that the effective date of some provisions was explicitly delayed, we see no basis for concluding that other provisions were

somehow silently delayed.[1]

We indicated to the contrary in *United States v. Ferryman*, 897 F.2d at 588 ("[b]ecause ADAA section 1002 contained no specified effective date, the amendments embodied therein have, in general, been held effective from and after the date of enactment (October 27, 1986)"). To be sure, we were there concerned with the various amendments to and penalty provisions set forth in 21 U.S.C. § 841(b)—rather than 21 U.S.C. § 960(b). But, § 841(b), the provision setting forth the penalties for unlawful manufacture, distribution or possession with intent to manufacture or distribute controlled substances, closely parallels 21 U.S.C. § 960(b), the penalty provision for unlawful importation or possession on board a vessel with intent to distribute, and the two statutes were amended by the same legislation in 1986 which increased the penalties in parallel fashion in both § 841(b) and § 960(b). It would be anomalous to conclude that the portion of the ADAA of 1986 stiffening § 841(b) sentences was effective immediately upon passage but that the parallel amendments to § 960(b) were somehow delayed. Furthermore, in *United States v. Mazzaferro*, 907 F.2d 251 (1st Cir.1990), we applied the enhanced penalties produced by the 1986 amendments to 21 U.S.C. § 960 to a December 1986 marihuana offense. By so doing, we effectively decided that the 1986 increased penalty provisions became effective upon passage. Other circuits, too, have concluded that the enhanced penalty provisions of the ADAA of 1986 were effective immediately upon enactment. *See United States v. Duprey*, 895 F.2d 303, 311 (7th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1927, 109 L.Ed.2d 291 (1990); *United States v. Padilla*, 869 F.2d 372, 381–82 (8th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3223, 106 L.Ed.2d 572 (1989); *United States v. Meyers*, 847 F.2d 1408, 1414–15 (9th Cir.1988). Hence, we conclude that appellant's 25-year sentence was authorized by statute.[2]

### 2. *Parole eligibility*

■ Besides increasing the prison terms, the ADAA of 1986 also directed that certain violators not be eligible for parole. The no parole provisions, like the increased prison term provisions, were effective upon enactment (October 27, 1986). Thus, at the time of appellant's offense, § 960(b)(1)(G) prohibited parole. *See, e.g., United States v. Ocasio Figueroa*, 898 F.2d 825, 828 n. 4 (1st Cir.1990) (no parole provision applicable to August 1987 offense); *United States v. Cook*, 859 F.2d 777 (9th Cir.1988) (defendant sentenced pursuant to 21 U.S.C. § 960(b)(2) for April 7, 1987 offense not entitled to probation or parole); *United States v. Posner*, 865 F.2d 654 (5th Cir. 1989) (no parole provision of 1986 amendments applied to February 1987 offense). Hence, appellant is not eligible for parole.

### 3. *Special parole v. supervised release*

■ In *United States v. Ferryman*, 897 F.2d 584 (1st Cir.), *cert. denied*, —— U.S.

---

**1.** Nor do we accept appellant's reading of § 1004(b) of the ADAA of 1986. Section 1004(a) replaced "special parole term" with "term of supervised release" throughout the Controlled Substances Act and the Controlled Substances Import and Export Act. Section 1004(b) provided that "[t]he amendments made by *this section* shall take effect on the date of the taking effect of section 3583 of title 18...." (Emphasis added.) Appellant would read "this section" to refer not simply to section 1004 but also to § 1302 of the ADAA of 1986, the section which lengthened § 960(b)'s penalties. Appellant's reading defies the statute's plain wording. *See United States v. Padilla*, 869 F.2d 372, 381–82 (8th Cir.) (rejecting appellant's reading of § 1004), *cert. denied sub non Percheitte v. United States*, —— U.S. ——, 109 S.Ct. 3223, 106 L.Ed.2d 572 (1989).

**2.** We reject any argument that because § 1903(g) refers to the Comprehensive Crime Control Act of *1970*, 46 U.S.C. § 1903(g) failed to incorporate the post–1986 amendment version of § 960(b). Rather, we agree with *United States v. Rodriguez–Rodriguez*, 863 F.2d 830 (11th Cir.1989), which traced the legislative history of 46 U.S.C.App. § 1903 and 21 U.S.C. § 960 and concluded that § 1903(g) incorporated the 1986 amendments to § 960. As the Eleventh Circuit explained,

Because Congress "re-enacted" both § 1903 and § 960 as part of a comprehensive scheme to combat drugs, (through the Anti–Drug Abuse Act [of 1986] ), Congress meant for § 960, in its present and amended states, to apply to violations of § 1903.

*Id.*, at 832.

——, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990), and *United States v. Ocasio Figueroa*, 898 F.2d 825 (1st Cir.1990), we traced at length the 1984 and 1986 amendments to the Comprehensive Drug Abuse Prevention and Control Act of 1970. We did so in the context of determining what type of post-confinement monitoring a person sentenced pursuant to 21 U.S.C. § 841(b) for an offense committed between October 27, 1986 and November 1, 1987 should receive. What we said in those cases applies equally to 21 U.S.C. § 960(b)(1) and (2), whose penalty provisions and legislative history parallel, in material part, § 841(b)'s. Consequently, we do not here repeat that lengthy discussion or map out § 960(b)(1) and (2)'s legislative history, but rather simply reiterate the conclusion. We concluded, in effect, in *Ferryman* and *Ocasio* that if, under the post–1984 amendment version of the relevant sentencing provision, the offender would have been subject to a special parole term, then § 1004 of the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, title I, § 1004, 100 Stat. § 3207–6 (1986) "sufficed to delay the effective date of supervised release and thereby preserved the pre-existing special parole requirements." *Ferryman*, 897 F.2d at 589. If instead, however, the offender would not have been subject to a special parole term under the post–1984 amendment version, then the 1986 amendments providing for supervised release were intended to be effective immediately upon passage on October 27, 1986. *Ocasio*, 898 F.2d at 827–28. In that case, the appropriate post-confinement modality would be supervised release.

We apply the same methodology to the present case.

The post–1984, pre–1986 amendment version of § 960(b) read, in material part, as follows:

(b) Penalties

(1) In the case of a violation under subsection

(a) of this section involving—

(A) 100 grams or more of a mixture or substance containing a detectable amount of a narcotic drug in schedules

I or II other than a narcotic drug consisting of—

(i) cocoa leaves;

(ii) a compound, manufacture, salt, derivative, or preparation of coca leaves; or

(iii) a substance chemically identical thereto;

(B) a kilogram or more of any other narcotic drug in schedules I or II;

(C) 500 grams or more of phencyclidine (PCP);

(D) 5 grams or more of lysergic acid diethylamide (LSD);

the person committing such violation shall be imprisoned for not more than twenty years, or fined not more than $250,000, or both.

(2) In the case of a violation under subsection (a) of this section with respect to a controlled substance in schedules I or II, the person committing such violation shall, except as provided in paragraphs (1) and (3), be imprisoned not more than fifteen years, or fined not more than $125,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.

The offense of which appellant was convicted involved possession of 10,000 pounds of marihuana, a non-narcotic schedule I substance, *see* 21 U.S.C. § 812(c), Schedule I(c)(10); 21 U.S.C. § 802(16) and (17) (defining marihuana and narcotic drug), falling within the terms of § 960(b)(2). The 1984 version, therefore, would have mandated post-confinement monitoring in the form of special parole. Under the reasoning of *Ferryman*, special parole continued to be the appropriate post-confinement monitoring modality for offenders, like appellant, whose acts were committed after October 27, 1986 (the effective date of the 1986 amendments) but prior to November 1, 1987. Consequently, the district court was correct in refusing to eliminate all post-confinement monitoring and in changing the supervised release term to a special parole term.

We note that the Supreme Court has recently granted certiorari on the question whether the mandatory minimum terms of supervised release required by the Anti–Drug Abuse Act of 1986 became effective for offenses committed on or after the date of enactment, October 27, 1986. *Gozlon–Peretz v. United States*, —— U.S. ——, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990). Consequently, our decision here is without prejudice to appellant's filing a new § 2255 petition in the district court after the Supreme Court decides *Gozlon–Peretz* seeking the benefit of that decision should it be favorable to appellant.

We remand to the district court with directions that appellant's conviction and sentence for violating 21 U.S.C. § 955a(b) be vacated. In all other respects, the district court's order is *affirmed*.