946 F.2d 895
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jairo SOSA-BERRIO, Petitioner-Appellant,
v.
J.J. CLARK, Warden, Respondent-Appellee.
 No. 91-5779.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1991.
 
 1
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Jairo Sosa-Berrio, a federal prisoner, appeals pro se from the district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sosa-Berrio entered a guilty plea in the Southern District of Florida to a charge of possession with intent to distribute marijuana in violation of 21 U.S.C. § 955(a) and 18 U.S.C. § 2. The offense was committed in March 1987. He received a sentence of twelve years imprisonment and four years supervised release. The sentencing court later amended the judgment to provide for special parole rather than supervised release. Upon learning that the Bureau of Prisons was computing his term without eligibility for parole, Sosa-Berrio unsuccessfully pursued administrative remedies and then filed this petition for a writ of habeas corpus, arguing that he should be eligible for parole. The district court denied the petition.
 
 
 4
 On appeal, petitioner argues that he is eligible for parole because the indictment specified an offense under 21 U.S.C. § 955(a), and at the time his offense behavior was prohibited by that statute the penalty included eligibility for parole. Alternatively, he argues that he should be eligible for parole because the sentencing court believed that special parole, rather than supervised release, applied to his sentence.
 
 
 5
 Upon consideration, it is concluded that this petition for a writ of habeas corpus was properly denied. Neither of the arguments raised merits habeas relief. At the time of the commission of this offense, 21 U.S.C. § 955(a) had been recodified at 46 U.S.C. § 1903. The reference to the superseded statute in the indictment was harmless error, as the same activity was made criminal by both statutes. United States v. Mazzaferro, 907 F.2d 251, 253 (1st Cir.1990). Nor has there ever been any doubt that the provision of the Anti-Drug Abuse Act denying parole eligibility applied to this case, as that provision became effective on the date of enactment of the Act, October 27, 1986. The previous split between the circuits as to the effective date of the supervised release provision was recently resolved in a unanimous decision by the Supreme Court that the supervised release provision became effective on the same date as the remainder of the Act. Gozlon-Peretz v. United States, 111 S.Ct. 840, 846-47 (1991).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation