July 7, 1993
 [Not for Publication]
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-2094

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ABDULLAH SAUBAR, a/k/a
 AUBURN GLENN JOHNSON,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge]
 

 

 Before

 Selya, Cyr and Stahl,

 Circuit Judges.
 

 

 Catherine C. Czar for appellant.
 
 A. John Pappalardo, United States Attorney, and A. Clayton
 
Spencer, Assistant United States Attorney, for appellee.
 

 

 

 Per Curiam. Abdullah Saubar appeals the nine-year
 Per Curiam.
 

prison sentence imposed following his conviction as a felon in

possession of a firearm under 18 U.S.C. 922(g)(1), 924(e).

Section 924(e) mandates a minimum sentence of fifteen years

unless the government elects to exercise its discretionary

authority, under 18 U.S.C. 3553(e)1 and U.S.S.G. 5K1.1, to

recommend a downward departure. The government agreed to

recommend a six-year downward departure from the mandatory

fifteen-year minimum. Its promise was conditioned on (1)

Saubar's "specific agreement" to render "substantial assistance"

to the government in other criminal investigations and prosecu-

tions, and (2) Saubar's agreement not to "argue" that the

district court impose less than the nine-year sentence recom-

mended by the government. At sentencing, the government recom-

mended the six-year downward departure as promised and the

district court approved the recommendation. 

 Although Saubar concedes that we lack appellate

jurisdiction of a sentencing appeal brought by a defendant who

seeks to challenge the extent of a downward departure, see, e.g.,
 

United States v. Pighetti, 898 F.2d 3, 4 (1st Cir. 1990), he
 

argues for remand on the ground that the district court misappre-

hended its sentencing authority, as well as the criteria for

quantifying its downward departure under section 3553(e). See
 

 

 1Section 3553(e) provides that, "[u]pon motion of the
Government, the court shall have the authority to impose a
sentence below a level established by statute as minimum sentence
so as to reflect a defendant's substantial assistance in the
investigation or prosecution of another person who has committed
an offense." 18 U.S.C. 3553(e).

United States v. Amparo, 961 F.2d 288, 292 (1st Cir.), cert.
 

denied, 113 S. Ct. 224 (1992). Once the government "opened the
 

door" by making its section 3553(e) motion, the argument goes,

the sentencing court was empowered to enlarge the downward

departure to reflect Saubar's "extraordinary physical

impairment."2 See U.S.S.G. 5H1.4.3
 

 It is well settled in this circuit that a sentencing

court may not depart below a mandatory minimum sentence unless

the government makes a "substantial assistance" motion pursuant

to 18 U.S.C. 3553(e) or U.S.S.G. 5K1.1. See United States v.
 

Mazzaferro, 907 F.2d 251, 254 (1st Cir. 1990); see also United
 

States v. Mariano, 983 F.2d 1150, 1155 (1st Cir. 1993). Saubar
 

is bound by the terms under which the government agreed to

exercise its discretionary power to make its indispensable

recommendation. Acknowledging his voluntary agreement not to

"argue for a lower sentence," Saubar says that he benignly

presented "detailed evidence" of his health problems to the

district court, but never actively "argued" for a lower sentence
 

on the basis of his physical condition. At most, he contends,

any request for a greater departure was "implicit."

 

 2Saubar suffers from a pre-offense medical condition
requiring kidney dialysis three times a week. At sentencing, the
district court expressly acknowledged the seriousness of Saubar's
physical condition.

 3Section 5H1.4 provides that, though "physical condition"
normally is not relevant to the sentencing decision, "an extraor-
dinary physical impairment may be a reason to impose a sentence
below the applicable guideline range; e.g., in the case of a
 
seriously infirm defendant, home detention may be as efficient
as, and less costly than, imprisonment." U.S.S.G. 5H1.4.

 3

 No matter which way Saubar turns, however, his claim is

stymied. If he presented his "physical impairment" argument to

the district court at sentencing, even implicitly, he breached

his plea agreement with the government and was not entitled to

any downward departure. If he did not raise his precatory

 5H1.4 argument at sentencing, it is waived. United States v.
 

Figueroa, 976 F.2d 1446, 1462 n.22 (1st Cir. 1992), cert. denied,
 

113 S. Ct. 1346 (1993); United States v. Shattuck, 961 F.2d 1012,
 

1015 (1st Cir. 1992); see United States v. Foster, 988 F.2d 206,
 

209-10 (D.C. Cir. 1993) (sentencing claim waived where defendant

merely recited a list of mitigating factors that the district
 

court should consider, but did not tie evidence to a particular
 

legal ground for a greater departure i.e., 3B1.2).
 

Moreover, having voluntarily accepted the benefit of the promise

scrupulously honored by the government, Saubar surely cannot

demonstrate a "miscarriage of justice" or the "fundamental

unfairness" required on "plain error" review. See United States
 

v. Montoya, 967 F.2d 1, 5 (1st Cir.) (waived sentencing issues
 

reviewed only for "fundamental unfairness"), cert. denied, 113 S.
 

Ct. 507 (1992). As it "clearly appears that no substantial

question is presented," the appeal is summarily dismissed

pursuant to Local Rule 27.1.

 Dismissed.
 Dismissed
 

 4