USCA1 Opinion

 

 July 7, 1993 [Not for Publication] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2094 UNITED STATES OF AMERICA, Appellee, v. ABDULLAH SAUBAR, a/k/a AUBURN GLENN JOHNSON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ ____________________ Catherine C. Czar for appellant. _________________ A. John Pappalardo, United States Attorney, and A. Clayton ___________________ __________ Spencer, Assistant United States Attorney, for appellee. _______ ____________________ ____________________ Per Curiam. Abdullah Saubar appeals the nine-year Per Curiam. ___________ prison sentence imposed following his conviction as a felon in possession of a firearm under 18 U.S.C. 922(g)(1), 924(e). Section 924(e) mandates a minimum sentence of fifteen years unless the government elects to exercise its discretionary authority, under 18 U.S.C. 3553(e)1 and U.S.S.G. 5K1.1, to recommend a downward departure. The government agreed to recommend a six-year downward departure from the mandatory fifteen-year minimum. Its promise was conditioned on (1) Saubar's "specific agreement" to render "substantial assistance" to the government in other criminal investigations and prosecu- tions, and (2) Saubar's agreement not to "argue" that the district court impose less than the nine-year sentence recom- mended by the government. At sentencing, the government recom- mended the six-year downward departure as promised and the district court approved the recommendation. Although Saubar concedes that we lack appellate jurisdiction of a sentencing appeal brought by a defendant who seeks to challenge the extent of a downward departure, see, e.g., ______ ___ ____ United States v. Pighetti, 898 F.2d 3, 4 (1st Cir. 1990), he ______________ ________ argues for remand on the ground that the district court misappre- hended its sentencing authority, as well as the criteria for quantifying its downward departure under section 3553(e). See ___ ____________________ 1Section 3553(e) provides that, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. 3553(e). United States v. Amparo, 961 F.2d 288, 292 (1st Cir.), cert. ______________ ______ ____ denied, 113 S. Ct. 224 (1992). Once the government "opened the ______ door" by making its section 3553(e) motion, the argument goes, the sentencing court was empowered to enlarge the downward departure to reflect Saubar's "extraordinary physical impairment."2 See U.S.S.G. 5H1.4.3 ___ It is well settled in this circuit that a sentencing court may not depart below a mandatory minimum sentence unless the government makes a "substantial assistance" motion pursuant to 18 U.S.C. 3553(e) or U.S.S.G. 5K1.1. See United States v. ___ _____________ Mazzaferro, 907 F.2d 251, 254 (1st Cir. 1990); see also United __________ ___ ____ ______ States v. Mariano, 983 F.2d 1150, 1155 (1st Cir. 1993). Saubar ______ _______ is bound by the terms under which the government agreed to exercise its discretionary power to make its indispensable recommendation. Acknowledging his voluntary agreement not to "argue for a lower sentence," Saubar says that he benignly presented "detailed evidence" of his health problems to the district court, but never actively "argued" for a lower sentence ________ on the basis of his physical condition. At most, he contends, any request for a greater departure was "implicit." ____________________ 2Saubar suffers from a pre-offense medical condition requiring kidney dialysis three times a week. At sentencing, the district court expressly acknowledged the seriousness of Saubar's physical condition. 3Section 5H1.4 provides that, though "physical condition" normally is not relevant to the sentencing decision, "an extraor- dinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a ____ seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. 5H1.4. 3 No matter which way Saubar turns, however, his claim is stymied. If he presented his "physical impairment" argument to the district court at sentencing, even implicitly, he breached his plea agreement with the government and was not entitled to any downward departure. If he did not raise his precatory 5H1.4 argument at sentencing, it is waived. United States v. ______________ Figueroa, 976 F.2d 1446, 1462 n.22 (1st Cir. 1992), cert. denied, ________ ____ ______ 113 S. Ct. 1346 (1993); United States v. Shattuck, 961 F.2d 1012, _____________ ________ 1015 (1st Cir. 1992); see United States v. Foster, 988 F.2d 206, ___ _____________ ______ 209-10 (D.C. Cir. 1993) (sentencing claim waived where defendant merely recited a list of mitigating factors that the district _______ court should consider, but did not tie evidence to a particular ___ legal ground for a greater departure i.e., 3B1.2). ____ Moreover, having voluntarily accepted the benefit of the promise scrupulously honored by the government, Saubar surely cannot demonstrate a "miscarriage of justice" or the "fundamental unfairness" required on "plain error" review. See United States ___ _____________ v. Montoya, 967 F.2d 1, 5 (1st Cir.) (waived sentencing issues _______ reviewed only for "fundamental unfairness"), cert. denied, 113 S. _____ ______ Ct. 507 (1992). As it "clearly appears that no substantial question is presented," the appeal is summarily dismissed pursuant to Local Rule 27.1. Dismissed. Dismissed _________ 4