996 F.2d 1209
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Abdullah SAUBAR, a/k/a Auburn Glenn JOHNSON, Defendant, Appellant.
 No. 92-2094.
 United States Court of Appeals,
First Circuit.
 July 7, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Catherine C. Czar for appellant.
 A. John Pappalardo, United States Attorney, and A. Clayton Spencer, Assistant United States Attorney, for appellee.
 D.Mass.
 DISMISSED.
 Before Selya, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Abdullah Saubar appeals the nine-year prison sentence imposed following his conviction as a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1), 924(e). Section 924(e) mandates a minimum sentence of fifteen years unless the government elects to exercise its discretionary authority, under 18 U.S.C. § 3553(e)[1] and U.S.S.G. § 5K1.1, to recommend a downward departure. The government agreed to recommend a six-year downward departure from the mandatory fifteen-year minimum. Its promise was conditioned on (1) Saubar's "specific agreement" to render "substantial assistance" to the government in other criminal investigations and prosecutions, and (2) Saubar's agreement not to "argue" that the district court impose less than the nine-year sentence recommended by the government. At sentencing, the government recommended the six-year downward departure as promised and the district court approved the recommendation.
 
 
 2
 Although Saubar concedes that we lack appellate jurisdiction of a sentencing appeal brought by a defendant who seeks to challenge the extent of a downward departure, see, e.g., United States v. Pighetti, 898 F.2d 3, 4 (1st Cir. 1990), he argues for remand on the ground that the district court misapprehended its sentencing authority, as well as the criteria for quantifying its downward departure under section 3553(e). See United States v. Amparo, 961 F.2d 288, 292 (1st Cir.), cert. denied, 113 S. Ct. 224 (1992). Once the government "opened the door" by making its section 3553(e) motion, the argument goes, the sentencing court was empowered to enlarge the downward departure to reflect Saubar's "extraordinary physical impairment."[2] See U.S.S.G. § 5H1.4.[3]
 
 
 3
 It is well settled in this circuit that a sentencing court may not depart below a mandatory minimum sentence unless the government makes a "substantial assistance" motion pursuant to 18 U.S.C. § 3553(e) or U.S.S.G. § 5K1.1. See United States v. Mazzaferro, 907 F.2d 251, 254 (1st Cir. 1990); see also United States v. Mariano, 983 F.2d 1150, 1155 (1st Cir. 1993). Saubar is bound by the terms under which the government agreed to exercise its discretionary power to make its indispensable recommendation. Acknowledging his voluntary agreement not to "argue for a lower sentence," Saubar says that he benignly presented "detailed evidence" of his health problems to the district court, but never actively "argued" for a lower sentence on the basis of his physical condition. At most, he contends, any request for a greater departure was "implicit."
 
 
 4
 No matter which way Saubar turns, however, his claim is stymied. If he presented his "physical impairment" argument to the district court at sentencing, even implicitly, he breached his plea agreement with the government and was not entitled to any downward departure. If he did not raise his precatory § 5H1.4 argument at sentencing, it is waived. United States v. Figueroa, 976 F.2d 1446, 1462 n.22 (1st Cir. 1992), cert. denied, 113 S. Ct. 1346 (1993); United States v. Shattuck, 961 F.2d 1012, 1015 (1st Cir. 1992); see United States v. Foster, 988 F.2d 206, 209-10 (D.C. Cir. 1993) (sentencing claim waived where defendant merely recited a list of mitigating factors that the district court should consider, but did not tie evidence to a particular legal ground for a greater departure-i.e., § 3B1.2). Moreover, having voluntarily accepted the benefit of the promise scrupulously honored by the government, Saubar surely cannot demonstrate a "miscarriage of justice" or the "fundamental unfairness" required on "plain error" review. See United States v. Montoya, 967 F.2d 1, 5 (1st Cir.) (waived sentencing issues reviewed only for "fundamental unfairness"), cert. denied, 113 S. Ct. 507 (1992). As it "clearly appears that no substantial question is presented," the appeal is summarily dismissed pursuant to Local Rule 27.1.
 
 
 5
 Dismissed.
 
 
 
 [1]
 Section 3553(e) provides that, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e)
 
 
 [2]
 Saubar suffers from a pre-offense medical condition requiring kidney dialysis three times a week. At sentencing, the district court expressly acknowledged the seriousness of Saubar's physical condition
 
 
 [3]
 Section 5H1.4 provides that, though "physical condition" normally is not relevant to the sentencing decision, "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4