**UNITED STATES of America, Appellee,**

v.

**Timothy Alexander LEVY,**
**Defendant, Appellant.**

**No. 86–1709.**

United States Court of Appeals,
First Circuit.

Heard Feb. 10, 1989.

Decided March 20, 1989.

John P. Slattery, by Appointment of the Court, with whom Ronald A. Wysocki, Boston, Mass., was on brief, for defendant, appellant.

Luis A. Plaza, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before CAMPBELL, Chief Judge,
and BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

On April 3, 1986, the appellant, Timothy Levy, was traveling from Jamaica to St. Martin in the Caribbean, when his plane made a scheduled stop in Puerto Rico (to pick up, but not to discharge, passengers). United States Customs agents, looking through the plane's luggage compartment, found a metal box containing marijuana in a suitcase. Appellant later admitted to the

---

customs agents that the suitcase was his, and unlocked his other suitcase, which also contained marijuana, in the agents' presence. He was charged with unlawfully possessing 109 pounds of marijuana with intent to distribute it, 21 U.S.C. § 841(a)(1) (1982), importing the marijuana into the customs territory of the United States, 21 U.S.C. § 952(a), and possessing the marijuana on board an aircraft arriving in United States customs territory, 21 U.S.C. § 955. After a jury-waived trial, the court found him guilty and sentenced him to serve three years on each count, the terms to run consecutively, and to pay a $20,000 fine. Levy appeals.

■ Levy's basic claim on appeal is that his counsel's representation was "ineffective." *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Levy's counsel based his defense primarily upon the claim that Levy did not know his plane would stop in Puerto Rico, he did not realize he would enter United States customs territory, and hence he lacked the legally necessary intent to violate the relevant statutes. Levy now argues that this argument was legally hopeless, for this circuit has rejected any such "in-transit passenger defense." *United States v. McKenzie*, 818 F.2d 115 (1st Cir. 1987). Instead, says Levy, his counsel should have challenged the identification of the substance as marijuana, and he should have objected to the admission of other evidence, such as luggage tags, showing that the suitcases were Levy's.

In our view, however, counsel's performance, whether or not viewed through the "distorting" lens of "hindsight," *see Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, did not fall below an "objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. Nor is there any reason to think that any different trial strategy could have made a difference to the outcome. *See id.* at 694, 104 S.Ct. at 2068 (a defendant raising an ineffective assistance claim has the burden of showing a "reasonable probability" that, but for his counsel's errors, "the result of the proceeding would have been different").

As to the reasonableness of Levy's counsel's choice of his defense theory, at the time of trial the "in-transit passenger" legal defense stood some chance of acceptance. We had not yet decided *McKenzie*, and dicta in several cases suggested that the statutes might not cover an in-transit passenger who did not know that his plane would briefly stop in United States customs territory. *See United States v. Pentapati*, 484 F.2d 450, 451 (5th Cir.1973). Also, the involuntary aspect of Levy's arrival in the United States could conceivably have led the judge to give him a lighter sentence.

Regardless, it is not "objectively unreasonable" even to grasp at straws, when no stronger defense is available. To challenge the identity of the substance as marijuana, or the identity of its possessor as Levy, might well have seemed hopeless. The record provides no basis for thinking that any such challenge to the evidence would have proved successful. And, defense counsel is under no obligation to force the government to produce time-consuming evidence about, say, each link in the chain of custody of the marijuana, where there is no reason to believe that any link is legally inadequate. We recognize that *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984) says that defense counsel should subject the prosecution's case to "meaningful adversarial testing," but that decision also points out that the effective counsel standard does not require the "useless charade" of presenting a meritless defense. *Id.* at 656 n. 19, 104 S.Ct. at 2045 n. 19. We can find no violation of *Cronic*'s standard here.

Levy also complains of his counsel's failure to press his motion to suppress the evidence that the customs officials seized from the plane, on the grounds that it was unlawful to search an in-transit passenger's baggage. But, this motion stood even less chance of success than the "in-transit" defense of lack of intent, in light of the law in this circuit at the time of Levy's trial. *See Leiser v. United States*, 234 F.2d 648, 650 (1st Cir.), *cert. denied*, 352 U.S. 893, 77 S.Ct. 133, 1 L.Ed.2d 87 (1956) (statute allowing customs officials to

search baggage of arriving passengers includes unscheduled stops where passengers had no intent to enter the United States). Moreover, the theory of defense and the grounds for suppression being the same, it was reasonable to press only the defense, which if successful would lead to acquittal, not just suppression of evidence.

Levy makes another, and better, argument in respect to his sentence. He points out that the probation officer's presentence report gave the impression that he was in the business of drug smuggling, in part because his passport showed that he travelled frequently between the Caribbean, the United States, and Canada, and in part because (as Canadian authorities apparently told the probation officer) he had no legitimate business interests in Canada. Levy disputed this latter fact. He told the court at the sentencing hearing that his business enterprises in Canada were legitimate. The court did not specifically resolve this factual dispute. It simply told the defendant:

> At this time all I can do is just note your comments and I will take that in consideration but the report will remain as that.

The court went on to sentence Levy to prison terms totalling nine years.

■ Levy argues that this procedure was unlawful. He correctly notes that his comments raised a factual dispute as to whether two of his businesses, "C & J Imports" and "2202," were legitimate. Fed.R.Crim.P. 32(c)(3)(D) provides that, if the defendant's or his counsel's comments at the sentencing hearing "allege any factual inaccuracy in the presentence investigation report," the court must either make findings of fact in respect to such disputed allegations, or make "a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." The Rule also requires the court to append a "written record of such findings and determinations" to "any copy of the presentence investigation report thereafter made available to the Bureau of Prisons" (for parole purposes).

The government, noting that the district court failed to append such a written record to the presentence report and failed to explain clearly whether or not it relied on the disputed facts, concedes that we must remand the case for the court either to explain that it did *not* rely on the disputed facts or to resentence Levy. In our view, the importance of the factual controversy in respect to Levy's past conduct, the court's remarks suggesting reliance on the presentence report, the prosecutor's subsequent comments arguing strongly that Levy was a professional drug smuggler, and the rather long sentence (nine years), seem to indicate that the court took the disputed facts into account, or at least provide a very strong appearance that it did so. That being so, we conclude that a new sentencing hearing is necessary. *See United States v. Jimenez–Rivera*, 842 F.2d 545, 552 (1st Cir.1988) (if the sentencing court "relied to any extent on the disputed information," it must "hold a new sentencing hearing that complies with Fed.R.Crim.P. 32(c)(3)(D)"); *United States v. Serino*, 835 F.2d 924, 932 (1st Cir.1987) (remand for resentencing may be appropriate "when it is ambiguous whether the challenged information may have significantly influenced the nature or length of sentence imposed").

Since a new sentencing hearing is necessary, we need not reach Levy's further arguments. For the reasons stated above, *we affirm appellant's conviction, but we vacate the judgment in respect to sentence and remand the case for a new sentencing hearing.*

*So ordered.*