UNITED STATES of America, Appellee,

v.

Timothy Alexander LEVY, Defendant, Appellant.

No. 89–1752.

United States Court of Appeals, First Circuit.

Heard Feb. 9, 1990.

Decided March 2, 1990.

---

Jeffrey M. Williams, Santurce, P.R., by Appointment of the Court, for defendant, appellant.

Luis A. Plaza, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for the U.S.

Before CAMPBELL, Chief Judge, SELYA and CYR, Circuit Judges.

SELYA, Circuit Judge.

For the second time, defendant-appellant Timothy Alexander Levy, a convicted drug trafficker, asks that we intercede to rectify sentencing errors. On the first such occasion, Levy argued that the district court made no finding as to a pivotal (and disputed) fact, namely, whether certain of his vast business interests were legitimate. Because of "the importance of the factual controversy," and the district court's failure "to explain clearly whether or not it relied on the disputed facts," we ordered resentencing. *United States v. Levy*, 870 F.2d 37, 39 (1st Cir.1989) (*Levy I*).

On remand, the court below expressly disclaimed reliance on the government's version of the facts originally disputed. But, a new imbroglio erupted. In presentence interviews, during his initial sentencing hearing, and throughout his appeal, Levy claimed to be a multimillionaire. Not surprisingly, then, the presentence investigation report (PSI) portrayed defendant as a parvenu, "a man of means and substantial financial resources" who was worth over $10,000,000. At the new sentencing hearing, the tune changed dramatically: Levy's counsel protested, for the first time, that the PSI overstated Levy's wealth; that the financial statement, earlier corroborated by Levy, was inaccurate; and that he was in fact penniless.

The government asserted that defendant, having fostered, as well as enthusiastically acquiesced in, the extravagant estimate of his resources at the first sentencing hearing, should not be allowed to turn the coach back into a pumpkin. The district court overruled the procedural objection, stating that the point was open to review. Nevertheless, after all was said and done, the court neglected to make an explicit finding in respect to the issue. The judge sentenced appellant to serve two years on each of three counts (the terms to run consecutively) and imposed a stand-committed fine

of $15,000.[1] Defendant appeals afresh.

Levy makes various arguments before us. His brief lists three. From our coign of vantage, however, the second and third issues which he posits telescope into a single asseveration. Refined to bare essence, he contends that (1) the court below erred in imposing a stand-committed fine upon an arguably indigent defendant; and (2) history repeated itself in that the court again neglected to comply with Fed.R.Crim.P. 32(c)(3)(D).

### The Stand–Committed Fine

■ It is beyond question that "the Constitution prohibits the state from imposing a fine as a sentence and then automatically converting it into a jail term, solely because the defendant is indigent." *Tate v. Short,* 401 U.S. 395, 398, 91 S.Ct. 668, 671, 28 L.Ed.2d 130 (1971) (quoting *Morris v. Schoonfield,* 399 U.S. 508, 509, 90 S.Ct. 2232, 2233, 26 L.Ed.2d 773 (1970)). Levy claims that his case falls within this encincture: he says that because the fine cannot be paid he will not be paroled in the normal course, "thereby ensuring longer incarceration [for an indigent] than a more solvent inmate [would face]." We do not believe he has standing to pursue the point presently.

A convict, confronted by the prospect of delayed release upon nonpayment of a stand-committed fine, has ready access to a panoply of administrative remedies tailored to determining whether he is able to pay, and if not, crafting condign relief. *See* 18 U.S.C. § 3569; 28 C.F.R. §§ 571.50–571.56 (1988); *cf.* Federal Bureau of Prisons Policy Statement 2101.2A (June 25, 1971) (no indigent will be incarcerated for failure to pay a fine). In the context of direct appeals from "mixed" sentences imposed on defendants claiming impecuniousness—a

"mixed" sentence being one which combines a substantial, noncontingent term of imprisonment with a stand-committed fine—other circuits have refused to rule on the fine's constitutionality until the prisoner has exhausted available administrative remedies, or has begun, or is on the verge of beginning, serving time in consequence of the fine's nonpayment. *See, e.g., United States v. Hewes,* 729 F.2d 1302, 1324–25 (11th Cir.1984), *cert. denied,* 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985); *United States v. Harris,* 727 F.2d 401, 406–07 (5th Cir.), *cert. denied,* 469 U.S. 840, 105 S.Ct. 143, 83 L.Ed.2d 82 (1984); *United States v. Glazer,* 532 F.2d 224, 230–31 (2d Cir.), *cert. denied,* 429 U.S. 844, 97 S.Ct. 123, 50 L.Ed.2d 115 (1976).

The exhaustion principle is a sound and prudential one, already adopted in this circuit in respect to petitions for postconviction relief brought on the same ground. *See Santiago v. United States,* 889 F.2d 371, 372–74 (1st Cir.1989) (per curiam); *see also United States v. Mack,* 655 F.2d 843, 846–47 (8th Cir.1981). We see no reason either to speculate unnecessarily about the possibility of future harm or to intervene to protect Levy from what is, at the moment, "a merely hypothetical injury." *Hewes,* 729 F.2d at 1325.[2] Accordingly, we follow the portent of *Santiago* and join our sister circuits. Because appellant received a substantial, noncontingent prison sentence, not yet expired, in addition to a fine, and because he has not exhausted the presumptively adequate administrative remedy available to him, his constitutional arguments are premature.

### Rule 32(c)(3)(D)

■ It is reasonably clear that the district court again failed to achieve literal compliance with Rule 32(c)(3)(D).[3] Both de-

---

1. The sentence was somewhat lighter than initially imposed. *See Levy I,* 870 F.2d at 38 (original sentence comprised aggregate nine year prison term and fine of $20,000).

2. Pointing to a single-page Parole Commission "Notice of Action" form (NOA), appellant asseverates that he has *already* been denied parole because of the fine imposed. His claim is as empty as a mendicant's purse. To be sure, the

NOA postponed Levy's presumptive parole date, but the reasons stated on the form bore no relationship to the fine. Indeed, the NOA was issued on June 6, 1989—several weeks *before* resentencing took place.

3. The text of the rule provides:

If the comments of the defendant and the defendant's counsel or testimony or other in-

fendant and his counsel asserted at resentencing that the PSI was inaccurate in its assessment of defendant's personal fortune; yet, the district court made neither a finding as to the allegation nor an express determination that the matter would be ignored. Nevertheless, this shortfall does not automatically require a third sentencing hearing. Aside from defendant's initial claims of prosperity and his swollen financial statement, we are satisfied that the record contains other material sufficient to permit the court, giving due consideration to the factors enumerated in 18 U.S.C. § 3622(a) (1985), to have imposed a fine as part of the sentence. And the district court's reduction of the fine's penal amount, *see supra* note 1, together with the court's comments during resentencing, indicate that the defendant's original rodomontade was probably not taken into account; after all, if the court thought Levy was a multimillionaire, why shrink his fine to $15,000? Why fine him on only one of the three counts? Why set the penal amount so far beneath the authorized statutory ceiling?[4]

While we think it unlikely that the district court relied on the disputed facts, appellant has a right to certitude in this regard—especially since the PSI is a document which he will encounter at several critical junctures during his immurement. Where, as here, the record admits of possible ambiguity, our practice is to remand for a limited purpose. *See, e.g., United States v. Jimenez–Rivera*, 842 F.2d 545, 551–52 (1st Cir.), *cert. denied*, 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 917 (1988); *United States v. Serino*, 835 F.2d 924, 932 (1st Cir.1987). If the district court did not rely on the challenged financial information, it should make a written notation to that effect on the PSI and the sentence may

stand. *Serino*, 835 F.2d at 932. If, however, the court considered defendant's financial statement and professions to great wealth in fashioning the fine, it should vacate the sentence and convene yet a third sentencing hearing—one that fully complies with Rule 32(c)(3)(D).

### Conclusion

We need go no further. Levy's conviction has heretofore been affirmed. *See Levy I*, 870 F.2d at 39. We dismiss his appeal and remand for further proceedings consistent herewith.

*So Ordered.*

formation introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
Fed.R.Crim.P. 32(c)(3)(D).

4. The maximum imposable fines on the counts of conviction aggregated $100,000: $50,000 on count 1, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (1981); $25,000 on count 2, *see* 21 U.S.C. §§ 952(a), 960(b)(1) (1981); and $25,000 on count 3, *see* 21 U.S.C. §§ 955, 960(b)(1) (1981).