USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2406 EFRIAM NATANEL, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Efriam Natanel on brief pro se. ______________ A. John Pappalardo, United States Attorney, and Stephen P. ____________________ ___________ Heymann, Assistant United States Attorney, on brief for appellee. _______ ____________________ May 14, 1993 ____________________ Per Curiam. Petitioner Efriam Natanel was convicted in ___________ 1989 on a single count of distributing more than 500 grams of cocaine, in violation of 21 U.S.C. 841(b)(1)(B). He was given a six-year term of imprisonment, to be followed by a four-year period of supervised release, and was ordered to pay a $20,000 fine. This court affirmed his conviction on appeal. United States v. Natanel, 938 F.2d 302 (1st Cir. _____________ _______ 1991), cert. denied, 112 S. Ct. 986 (1992). Following his _____________ unsuccessful pursuit of motions for a new trial and for reduction of sentence, petitioner filed a pro se motion under 28 U.S.C. 2255 to vacate the $20,000 fine, alleging that it had been imposed in violation of the governing statute. From the district court's denial of this motion, petitioner now appeals.1 We affirm. As the crime here occurred in May 1987, the court imposed the fine pursuant to the applicable pre-Guidelines statute. See 18 U.S.C. 3622(a). This provision listed ___ various factors that the sentencing court "shall consider" in deciding whether to impose a fine and the amount thereof-- including "the defendant's income, earning capacity, and financial resources" and "the burden that the fine will ____________________ 1. Due to the sentencing judge's intervening retirement, a different district court judge handled the 2255 petition. -2- impose upon the defendant."2 Petitioner argues that the sentencing court failed to explain its reasons, pursuant to these criteria, for imposing the fine. He argues that the court specifically failed to consider his financial status. And he argues that the court abused its discretion in imposing the fine in the face of his demonstrated inability to pay it. We find these assertions unpersuasive.3 Contrary to petitioner's first contention, this court has held (in accordance with the majority of other circuits) ____________________ 2. Section 3622(a) provided in relevant part: (a) In determining whether to impose a fine and the amount of a fine, the court shall consider, in addition to other relevant factors-- (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the defendant's income, earning capacity, and financial resources; (4) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose; .... (7) the need to deprive the defendant of illegally obtained gains from the offense .... 3. The government argues, and the district court found, that petitioner waived this issue, having failed both to object thereto at sentencing and to raise it on direct appeal. See, ___ e.g., United States v. Frady, 456 U.S. 152 (1982) (applying ____ _____________ _____ "cause and prejudice" test to procedural defaults in 2255 context). As we find petitioner's claim to be without merit, we need not address the question of waiver. See, e.g., ___ ____ Murchu v. United States, 926 F.2d 50, 53 n.4 (1st Cir.) (per ______ ______________ curiam), cert. denied, 112 S. Ct. 99 (1991). ____________ -3- that "specific findings ... are not mandated by section 3622(a)," so long as the record otherwise "enables adequate appellate review." United States v. Wilfred American Educ. _____________ _______________________ Corp., 953 F.2d 717, 720 (1st Cir. 1992) (citing cases); see _____ ___ also United States v. Savoie, 985 F.2d 612, 620 (1st Cir. ____ ______________ ______ 1993) (adopting same rule in Guidelines case). His second assertion--that the court failed to consider his financial status--is equally misplaced. The presentence report (PSI) addressed this issue at some length, and "[w]e will not presume that the district court declined to consider the relevant section 3622(a) evidence contained in the record." Wilfred American, 953 F.2d at 719. "There is no abuse of _________________ discretion when the court had before it information bearing on all the relevant factors,... absent a record showing the court refused to consider the 3622(a) factors." United ______ States v. Weir, 861 F.2d 542, 545 (9th Cir. 1988), cert. ______ ____ _____ denied, 489 U.S. 1089 (1989) (quoted in United States v. ______ _____________ Penagaricano-Soler, 911 F.2d 833, 847 n.17 (1st Cir. 1990)). __________________ Moreover, petitioner's attorney raised this very issue when addressing the court immediately prior to the imposition of sentence. In his final argument, petitioner suggests that 3622(a) requires a court, not only to consider a defendant's ________ financial condition, but to ensure that any fine imposed is reasonably consistent with his ability to pay. We need not -4- decide whether such a requirement can be read into the statute, for (assuming arguendo that it can be) we think the ________ fine here is consistent therewith. To be sure, petitioner appears to lack the present ability to pay $20,000. The PSI, reciting financial data submitted by petitioner, lists total liabilities exceeding $81,000 along with negligible assets.4 And while the government argues that petitioner retained some undisclosed assets (in the form of his share of the drug ____________________ 4. According to the PSI, petitioner's principal liability is a $49,000 obligation to the state welfare department for past child support. He is also described as having over $30,000 in outstanding loans from four family members, apparently to help pay for legal expenses. (To what extent these loans covered such reimbursable matters as bail bond is not indicated.) -5- proceeds),5 these would fall well short of overcoming the reported deficit in his personal finances. Nonetheless, as indicated by the reference in 3622(a)(3) to "earning capacity," a defendant's future ability to pay is part of the equation. And petitioner's employment history reflects a fair degree of accomplishment and aptitude. He operated his own business for several years. He thereafter served as a motor coach operator, earning praise as a "valued employee." And he simultaneously served on the executive board of the transit union, helping to negotiate labor agreements and "provid[ing] the leadership and counsel necessary to the survival of the bargaining unit." Given this record, and notwithstanding several ____________________ 5. The government had recommended a fine of $20,000 on the ground that such figure corresponded to the then-prevailing price for a kilogram of cocaine (the amount involved in the sale). The court agreed that such recommendation was "proper." Regardless of the share of the proceeds actually retained by petitioner, such action is consistent with the "need to deprive the defendant of illegally obtained gains." 18 U.S.C. 3622(a)(7). Relying on United States v. Wells Metal Finishing, Inc., _____________ ___________________________ 922 F.2d 54, 58 (1st Cir. 1991), the government now contends that the court's action also constituted an implicit finding that petitioner had access to undisclosed assets. We need not decide this matter. Even if the government were correct in this regard, but cf. United States v. Rowland, 906 F.2d _______ _____________ _______ 621, 624 (11th Cir. 1990) (finding of undisclosed assets "must be reasonably supported by probative evidence"), it would matter little. The government acknowledges that it is unclear what portion of the proceeds was paid to petitioner. And given the government's commendably candid portrayal of petitioner, at sentencing, as "a low-level member of the distribution chain," it is fair to infer that his share was less than substantial. Even if he retained access to such funds, therefore, that fact would make little difference. -6- countervailing factors,6 the district court could reasonably have believed that petitioner had "at least a hope" of being able to pay the fine imposed. United States v. Mahoney, 859 ______________ _______ F.2d 47, 52 (7th Cir. 1988) (restitution order under similarly worded statute). It is also noteworthy that petitioner was facing a fine of up to $2,000,000. The imposition of a fine 1/100th that size obviously reflects an appreciation of his financial status. See, e.g., United States v. Pilgrim Market Corp., ___ ____ _____________ _____________________ 944 F.2d 14, 22-23 (1st Cir. 1991). More generally, it is not disputed that the fine here was fully consistent with the other 3622(a) factors--particularly the "nature of the offense" and (as mentioned) the "need to deprive the defendant of illegally obtained gains." We therefore find that the sentencing court acted within its discretion in imposing the $20,000 fine. See, e.g., United States v. Levy, ___ ____ _____________ ____ 897 F.2d 596, 597, 599 (1st Cir. 1990) (upholding $15,000 fine imposed pursuant to 3622(a) even on assumption that defendant was then "penniless"). Affirmed. ________ ____________________ 6. Petitioner is reported to have left school (in Israel) in the 7th or 8th grade. While he speaks English well, he can read it only "a little." In the aftermath of a work injury, he suffers from recurring (but non-disabling) back pain which requires daily medication. And he is now approximately 57 years of age. -7-