USCA1 Opinion

 

 September 22, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2430 UNITED STATES, Appellee, v. NERIO ZULETA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Nerio Zuleta on brief pro se. ____________ Edwin J. Gale, United States Attorney, and Zechariah Chafee, _______________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant Nerio Zuleta pleaded guilty __________ to two counts of an indictment charging him with possession with intent to distribute 500 grams or more of cocaine and conspiracy to possess with intent to distribute 500 grams or more of cocaine all in violation of 21 U.S.C. 841(a)(1) & (b)(1)(B), 846 and 18 U.S.C. 2. Appellant was sentenced to an 87-month term of imprisonment, a supervised release term of five years, a fine of $50,000 and was required to pay $5,799.60 -- the cost of his supervised release. On direct appeal, he challenged only a two-level enhancement to his base offense level for his role as a "supervisor" in the conspiracy. We affirmed his conviction in an unpublished opinion. Appellant then filed a motion, under 28 U.S.C. 2255, to remit or reduce his fine, alleging that he was indigent and that prison officials would remove appellant from rehabilitative activities if he did not pay the fine. The district court denied the motion. On appeal, appellant first alleges that the district court failed to consider the factors listed in 18 U.S.C. 3572(a) prior to making its determination that appellant had the financial ability to pay a fine. In addition, appellant argues that the court did not explicitly discuss or provide support for its imposition of the fine. Next, appellant argues that the provision requiring the court to impose a fine to pay the government the cost of his supervised release is not authorized by the Sentencing Reform Act or the terms of 18 U.S.C. 3553(a). Rather, he argues, the Commission was granted the power only to study the question. _____ Because appellant failed to raise the claim concerning his fine on direct appeal, he faces a significantly higher hurdle to obtaining relief. That is, such nonconstitutional claims may not be presented for the first time in a 2255 motion unless the alleged errors amount to "`a fundamental defect which inherently results in a complete miscarriage of justice.'" Davis v. United States, _____ _____________ 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 ____ _____________ U.S. 424, 428 (1962)). 1. The $50,000 fine. ________________ Section 3572(a) lists the factors a court must consider in determining whether to impose a fine and the amount of the fine: (1) the defendant's income, earning capacity, and financial resources; (2) the burden that the fine will impose upon the defendant [or] any person who is financially dependent on the defendant . . . relative to the burden that alternative punishments wold impose; (3) any pecuniary loss inflicted upon others as a result of the offense; (4) whether restitution is ordered or made and the amount of such restitution; -3- (5) the need to deprive the defendant of illegally obtained gains from the offenses. . . . 18 U.S.C. 3572(a). Similarly, 5E1.2 of the United States Sentencing Guidelines provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. 5E1.2(a). The other factors listed in the Guidelines relevant to the setting of a fine include the need for the fine "to reflect the seriousness of the offense, . . . to promote respect for the law, to provide just punishment and to afford adequate deterrence. . . ." Id. 5E1.2(d)(1). ___ We will not presume that the trial court failed to consider the pertinent factors contained in 3752. See ___ United States v. Wilfred Am. Educ. Corp., 953 F.2d 717, 719 _____________ _______________________ (1st Cir. 1992) (construing predecessor statute -- 18 U.S.C. 3622(a)). Nor is the district court required to make "specific oral or written findings" relating to the enumerated factors. See id. at 720; United States v. ___ ___ ______________ Hagmann, 950 F.2d 175, 185 (5th Cir. 1991) (considering _______ 3572(a)), cert. denied, 113 S. Ct. 108 (1992). Finally, the ____________ burden is on appellant to establish his inability to pay a fine. See United States v. Matovsky, 935 F.2d 719, 722 (5th ___ _____________ ________ Cir. 1991); United States v. Perez, 871 F.2d 45, 48 (6th ______________ _____ Cir.), cert. denied, 492 U.S. 910 (1989). ____________ -4- Turning to the merits of appellant's claims, we first note that the district court had before it financial information included in the Presentence Report (PSI). This information indicated that, as of November 30, 1990 (prior to his arrest), appellant had an income of $1,000 per month and expenses of $694 per month.1 Appellant points to another part of the PSI which states that he has no "significant assets." The court plainly considered this factor in its decision to impose a fine. At the sentencing hearing, the court stated: I recognize that the pre-sentence report indicates that you do not have significant assets but, frankly, it's difficult for me to understand or accept that someone who has been dealing in the amounts of cocaine that you have been involved with doesn't have those assets. That's a matter for you to take up, I suppose, with the Bureau of Prisons when the time comes. Transcript of Sentencing Hearing, at 30. We find that there was no defect in the sentencing process which resulted in a "complete miscarriage of justice." Indeed, the court acted well within its discretion in imposing the $50,000 fine, especially given appellant's role as a supervisor in the conspiracy and the need to make sure he does not retain any illegally obtained gains. The ____________________ 1. In the financial statement submitted by appellant with his 2255 motion, he stated that prior to his arrest, he had worked in a factory for $800 per month. -5- fact that the court imposed a fine that is only a fraction of the maximum of $4,000,000 is further evidence that the court considered appellant's ability to pay in setting the fine. Finally, we do not agree with appellant that his current financial state should have precluded the imposition of any fine. The reference in 3572(a)(1) to "earning capacity" makes plain that appellant's future ability to pay is part of the equation. See Hagmann, 950 F.2d at 185-86 (a ___ _______ defendant's indigency at the time the fine is ordered does not preclude imposition of a fine); Perez, 871 F.2d at 48 _____ (current assets do not determine whether defendant should be excused from paying a fine mandated by the Sentencing Guidelines). As we noted, supra, appellant was employed _____ prior to his arrest and had a steady income which exceeded his expenses. Should this prediction prove wrong and should the government seek to punish or imprison appellant for non- payment, there are administrative remedies to which he can turn. See, e.g., United States v. Levy, 897 F.2d 596, 598 ___ ____ _____________ ____ (1st Cir. 1990); Santiago v. United States, 889 F.2d 371, ________ _____________ 373-74 (1st Cir. 1989) (per curiam). 2. Cost of supervised release. __________________________ Section 5E1.2(i) provides that "the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." We reject -6- appellant's claim that justice has obviously miscarried here because the Sentencing Reform Act does not authorize this fine. Respectable authority holds to the contrary. See ___ United States v. Turner, No. 93-1148, 1993 U.S. App. LEXIS _____________ ______ 17472 (7th Cir. July 14, 1993) (fine for cost of imprisonment authorized by Sentencing Reform Act); Hagmann, 950 F.2d at _______ 186 (fine derived from fine table under 5E1.2(b) and the additional fine required under 5E1.2(i) both realize the goals set forth in 18 U.S.C. 3553(a)(2)). Although appellant cites to a case in which the Court of Appeals for the Third Circuit held that the Act did not authorize the fines provided for in 5E1.2(i), see United States v. ___ ______________ Spiropoulos, 976 F.2d 155 (3rd Cir. 1992), we do not agree ___________ with the reasoning contained therein. For the foregoing reasons, the judgment of the district court is affirmed. ________ -7-