19 F.3d 7
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Luis E. GOMEZ-PABON, Plaintiff, Appellant,
v.
UNITED STATES OF AMERICA, Defendant, Appellee.
 No. 93-1910.
 United States Court of Appeals,
First Circuit.
 March 3, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico
 Luis E. Gomez-Pabon on brief pro se.
 Guillermo Gil, United States Attorney, Silvia Carreno Coll, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 D.Puerto Rico.
 AFFIRMED.
 Before Torruella, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Luis E. Gomez-Pabon appeals from the dismissal of his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. Upon a careful review of the parties' briefs and the record, we affirm the judgment of the district court for essentially the reasons set forth in the Report and Recommendation of the magistrate judge and the Opinion and Order denying appellant's motion to vacate his sentence and conviction.
 
 
 2
 After the report of the magistrate issued, appellant raised an additional question: The stand-committed fine part of his sentence is unconstitutional because appellant lacks the ability to pay the fine. He concludes that the fine should be vacated. In the case of "mixed" sentences combining substantial terms of imprisonment with fines imposed upon prisoners who claim to be impecunious, we will not rule upon the fine's constitutionality "until the prisoner has exhausted available administrative remedies, or has begun, or is on the verge of beginning, serving time in consequence of the fine's nonpayment." United States v. Levy, 897 F.2d 596, 598 (1st Cir. 1990).
 
 
 3
 To the extent appellant believes that he will be forced to stay in prison until the fine is paid, 18 U.S.C. Sec. 3569 (Discharge of an indigent prisoner) provides that upon a showing of indigency, he may obtain his discharge even though he has not paid the fine. Because appellant's release is not imminent, and since other legal avenues are available to him, there is no reason to speculate now about the course of future events. See Levy, 897 F.2d at 598.
 
 
 4
 Affirmed.