June 13, 1994
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1957

 UNITED STATES,
 Appellee,

 v.

 GUIDO IMPEMBA,
 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this Court issued on April 29, 1994 is
amended as follows:

 In the two sentences beginning at the bottom of page 3 and
carrying over to the top of page 4, the following language shall
be deleted:

 "it is doubtful that the Maine court possessed
 jurisdiction inasmuch as Impemba was in custody in
 Wisconsin. Moreover,"

These two sentences shall be combined into one sentence, reading
as follows: "Alternatively, to the extent his motion is viewed as
a habeas petition under 28 U.S.C. 2255, Impemba arguably lacked
standing to pursue such relief prior to expiration of his
'noncontingent' prison term and/or exhaustion of his
administrative remedies."

April 29, 1994 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-1957

 UNITED STATES,

 Appellee,

 v.

 GUIDO IMPEMBA,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]
 

 

 Before

 Torruella, Selya and Stahl,
 Circuit Judges.
 

 

John C. McBride and McBride and Associates on brief for
 
appellant.
Jay P. McCloskey, United States Attorney, and Margaret D.
 
McGaughey, Assistant United States Attorney, on brief for appellee.
 

 

 

 Per Curiam. Guido Impemba appeals from a district court
 

order denying his motion to vacate a pair of criminal fines

imposed nearly ten years ago. For the following reasons, we

summarily affirm under Loc. R. 27.1. 

 I.

 In 1983 and 1984, Impemba participated in a wide-ranging

scheme to transport approximately twenty-five tons of

marijuana from Colombia to Maine aboard the freighter

"Adina." He was later convicted on two counts of (1)

conspiracy to possess marijuana with intent to distribute and

(2) conspiracy to import marijuana. At sentencing, held on

December 20, 1984,1 Impemba received a fifteen-year prison

term and a $50,000 committed fine on Count I, and a

concurrent five-year prison term and a concurrent $15,000

committed fine on Count II. This court thereafter affirmed

his conviction (along with those of six of his codefendants).

See United States v. Cresta, 825 F.2d 538 (1st Cir. 1987),
 

cert. denied, 486 U.S. 1042 (1988).
 

 In March 1993, Impemba filed the instant motion to

vacate his fines in Maine district court. He there

complained that the sentencing court had imposed the fines

without considering his financial status. He further alleged

that he had been indigent in 1984 and had remained so ever

since--with the result that, because of the "committed"

nature of the fines, he was faced with "extended

imprisonment" due solely to his indigency, in violation of

constitutional guarantees. The district judge summarily

 

1. The government's brief contains mistaken references to
1985 as the year of sentencing. 

denied this motion shortly after its filing. Five months

later, in an independent action in the judicial district in

which he was incarcerated, Impemba obtained relief from the

"committed" nature of his fines. Based on his oath of

indigency, a magistrate-judge sitting in the Western District

of Wisconsin relieved him "from payment of the committed fine

as a condition of his release from prison." This order made

clear, however, that Impemba remained obligated to pay the

fines and that the government could pursue civil remedies to

obtain payment. While this action has mooted part of his

motion to vacate, Impemba on appeal continues to pursue his

challenge to the validity of the fines themselves.

 II.

 Impemba has not explained, and the government has

properly questioned, the jurisdictional basis for his

requested relief.2 For example, to the extent his motion is

viewed as one to correct sentence under former Fed. R. Crim.

P. 35(a), it was untimely. As he is contending not that the

sentence was "illegal," but rather that it was "imposed in an

illegal manner," any such motion was subject to the 120-day

filing period specified in Rule 35(b). Alternatively, to the

extent his motion is viewed as a habeas petition under 28

U.S.C. 2255, Impemba arguably lacked standing to pursue

 

2. Impemba's brief contains no statement of subject matter
and appellate jurisdiction, in violation of Fed. R. App. P.
28(a)(2). 

 -4-

such relief prior to expiration of his "noncontingent" prison

term and/or exhaustion of his administrative remedies.

United States v. Levy, 897 F.2d 596, 598 (1st Cir. 1990). In
 

any event, any such request would now be moot in light of the

Wisconsin court's action. Finally, to the extent his motion

is viewed as a request for remission under former 18 U.S.C. 

3573, the action was plainly unauthorized. As explained in

United States v. Linker, 920 F.2d 1, 1-2 (7th Cir. 1990), a
 

version of this statute permitting a defendant to seek

remission of a fine was in existence for only six weeks in

1987. A newer version, which took effect on December 12,

1987 and which applies to all fines "irrespective of the date

of imposition," permits such relief only upon "petition of

the Government."

 Yet we need not resolve these matters (nor need we

address the government's related contention that Impemba

waived the issue by failing to raise it on direct appeal),

inasmuch as the motion to vacate is obviously lacking in

merit. Impemba principally relies on a former version of 18

U.S.C. 3565(a)(1) which provided as follows: 

 If the court finds by a preponderance of the
 
 information relied upon in imposing sentence that
 
 the defendant has the present ability to pay a fine
 
 or penalty, the judgment may direct imprisonment
 
 until the fine or penalty is paid, and the issue of
 
 execution on the judgment shall not discharge the
 defendant from imprisonment until the amount of the
 judgment is paid.

 -5-

(Emphasis added.) The crux of his argument is that the

sentencing court lacked any information to support a

conclusion that he had the "present ability" to pay the fines

in question. This contention fails for the simple reason

that the underscored language did not apply to Impemba's

case. Added by the Criminal Fine Enforcement Act of 1984,

Pub. L. No. 98-596, 2(2), 98 Stat. 3134, this language

applied only to "offenses committed after December 31, 1984."

Id. 10, 98 Stat. 3138. The version of 3565(a)(1) that
 

governed Impemba's case contained no requirement that

imposition of a committed fine be dependent on a finding of

"present ability" to pay.3

 Under the law applicable to Impemba, therefore, the

sentencing court was under no statutory obligation to

consider ability to pay. Indeed, before the Criminal Fine

Enforcement Act (and thereafter the Sentencing Guidelines)

 

3. This earlier version read simply as follows:

 Where the judgment directs imprisonment until the
 fine or penalty imposed is paid, the issue of
 execution on the judgment shall not discharge the
 defendant from imprisonment until the amount of the
 judgment is paid.

 Impemba makes reference to two other statutes that
specify various factors (including ability to pay) that a
court must consider in imposing a fine. See 18 U.S.C. 
 
3622(a), 3572(a). As he acknowledges, however, neither of
these applied to his case. Section 3622 was applicable only
to offenses committed after December 31, 1984. See, e.g.,
 
United States v. Wilfred Amer. Educ. Corp., 953 F.2d 717, 719
 
n.1 (1st Cir. 1992). Section 3572 took effect on November 1,
1987. 

 -6-

took effect, a sentencing court had virtually unreviewable

discretion in imposing a sentence within the statutory

maximum. See, e.g., United States v. Dominguez, 951 F.2d
 

412, 416 (1st Cir. 1991) (summarily rejecting allegedly

indigent defendant's challenge to pre-Guidelines fine), cert.
 

denied, 112 S. Ct. 1960 (1992). A "narrow exception" to this
 

rule permitted the overturning of a sentence "where the facts

indicate that the court below adopted a rigid, mechanistic

approach to sentencing, and failed to consider the individual

mitigating circumstances of each defendant." United States
 

v. Jimenez-Rivera, 842 F.2d 545, 548 (1st Cir.), cert.
 

denied, 487 U.S. 1223 (1988). Yet the sentence here is
 

immune from any such challenge. The district court properly

considered the individual circumstances presented--observing,

for example, that Impemba was "one of the principal

representatives of the group anticipating profit in

substantial amounts," and later rejecting the government's

recommendation that consecutive sentences be imposed. We

also note that Impemba himself was largely responsible for

the absence of precise financial information--having refused

(apparently on advice of counsel) to submit a financial

statement to the probation department in the belief that such

request was an invasion of privacy. 

 Affirmed.
 

 -7-