USA v. Rumney                               CR-88-3-1-SD  03/21/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                    Criminal No. 88-3-1-SD

Arthur Rumney


O R D E R

Unhappy with a criminal fine imposed on him, defendant Arthur Rumney seeks relief by contending that (1) the sentence was illegal and (2) in any event, payment of the fine should be deferred until he completes his sentence.

The court considers first the defendant's motion to correct what he perceives to be an illegal sentence.  Document 79.  See Former Rule 35(a), Fed. R. Crim. P.[1]  The government objects.  Document 82.

Following a jury finding of guilt on the charge of possession of a firearm by a convicted felon in violation of former 18 U.S.C. Appendix § 1202(a)(1),[2] defendant was sentenced

---

[1]Former Rule 35(a), Fed. R. Crim. P. provided: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

[2]Repealed subsequent to the defendant's offense, 18 U.S.C. App. 1202(a)(1) has been reenacted and recodified at 18 U.S.C. §

on May 3, 1988, to imprisonment for a term of 15 years and ordered to pay a fine of $25,000. His conviction was affirmed on appeal. United States v. Rumney, 867 F.2d 714 (1st Cir.), cert. denied, 491 U.S. 908 (1989).

Defendant challenges the interpretation by the Bureau of Prisons (BOP) of the fine imposed upon him as a "committed" fine. He contends that the court lacked legal authority to order payment of such a "committed" fine.

In response, the government argues the defendant is not entitled to the relief sought because of failure to exhaust his administrative remedies. The Code of Federal Regulations (C.F.R.) 545.11(b)(2) sets forth the expectation of participation by federal prisoners in the Inmate Financial Responsibility Program, with allocation of not less than 50 percent of the inmate's pay to the reduction of such financial obligations as imposed fines, unless a lower allotment is permitted by the warden of the correctional facility. Failure to participate in this program results in the receipt by the inmate of not more than maintenance-level pay, removal from UNICOR, limitation of commissary privileges, and ineligibility for placement in a community-based program. 28 C.F.R. § 545.11(d)(3), (5), (6),

922(g).

2

(7); Affidavit of John Sullivan.[3]  Although the defendant's monthly earnings have decreased to $5.25, he has received the sum of $100 per month from outside sources for each of the months of November and December 1994 and January 1995.

A federal prisoner dissatisfied with the rulings of the warden and Regional Director is permitted under 28 U.S.C. § 542.15 to further his appeal to the Office of General Counsel. This latter appeal "is the final administrative appeal in the Bureau of Prisons." Id.

The defendant here failed to appeal to the General Counsel. Declaration of Henry J. Sadowski.[4]  His failure to thus exhaust his administrative remedies deprives this court of jurisdiction to consider his challenge to the validity of the fine imposed. United States v. Levy, 897 F.2d 596, 598 (1st Cir. 1990).

In a series of letters,[5] here construed as a motion to defer

---

[3]John Sullivan is the defendant's case manager at FCI Ray Brook, New York.  Attached to the government's objection as Exhibit C, his affidavit details defendant's "refused status" for failing to agree to pay 50 percent of his UNICOR earnings toward his imposed fine.

[4]Henry J. Sadowski is Deputy Regional Counsel of the Northeast Region of BOP.  His declaration, attached to the government objection as Exhibit D, states that although plaintiff properly perfected appeals from the warden to the Regional Director, he failed to further appeal from the Regional Director to the General Counsel.

[5]The letters bear the dates of June 8, 1994, August 5, 1994, and January 22, 1995.

3

payment of a fine, 18 U.S.C. § 3573(2),[6] defendant seeks the relief of deferring payment of his fine until completion of his prison sentence. Again, however, he has failed to exhaust his administrative remedies and, additionally, the statute which governs deferment of fine payments may be invoked only by the government, and not by the defendant. United States v. Linker, 920 F.2d 1 (7th Cir. 1990).

In sum, this court is without authority to either declare the fine as imposed upon the defendant illegal or order that payment of the fine be deferred. The defendant's motions must be and accordingly are herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 21, 1995
cc: United States Attorney
    United States Marshal
    United States Probation
    Arthur W. Rumney, pro se

_____

[6]In relevant part, 18 U.S.C. § 3573(2) provides:

> Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice--
> . . . .
> (2) defer payment of a fine or special assessment to a date certain or pursuant to an installment schedule . . . .

4