**Not for Publication in West's Federal Reporter.**

# United States Court of Appeals
## For the First Circuit

No. 06-1129

UNITED STATES OF AMERICA,

Appellee,

v.

EUTACIO CÁCERES-CABRERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella and Lynch, Circuit Judges,
and DiClerico,* District Judge.

Héctor L. Ramos Vega, with whom Joseph C. Laws, Jr. and Patricia A. Garrity were on brief, for appellant.
Timothy R. Henwood, Assistant U.S. Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant U.S. Attorney, were on brief, for appellee.

March 15, 2007

---

* Of the District of New Hampshire, sitting by designation.

**LYNCH**, **Circuit Judge**. Eutacio Cáceres-Cabrera was convicted after trial of attempting to launder proceeds of a specified unlawful activity. See 18 U.S.C. § 1956(a)(1)(B)(I), (a)(2). The sums were forfeited. See id. § 982(a)(1). The unlawful activity specified in the indictment and argued by the prosecutor was drug dealing, and the amount of money the defendant attempted to launder was $198,965 in cash.

At sentencing, the district court imposed a six-level upward adjustment under U.S.S.G. § 2S1.1(b)(1), and sentenced Cáceres-Cabrera to sixty-three months' imprisonment with three years of supervised release.

Cáceres-Cabrera appeals his sentence, arguing the court erred in imposing the six-level adjustment. Under U.S.S.G. § 2S1.1(b)(1) the adjustment may be imposed if, inter alia, the government has demonstrated, by a preponderance of the evidence, that the defendant knew or had reason to believe that the laundered funds were narcotics proceeds.

The parties disagree over the basis for the district court's ruling. The defendant argues that the ruling rested on an error of law, and that the evidence is insufficient. He argues that the district court erroneously imposed the enhancement solely on the basis of the jury verdict, which did not establish Cáceres-Cabrera's knowledge that the monies were drug proceeds. The defendant correctly points out that it is not an element of the

offense of conviction that the defendant know that the laundered monies are proceeds of illicit drug transactions. 18 U.S.C. § 1956(a). Rather, conviction requires only that the defendant know that the monies are proceeds of some illegal activity. Id. § 1956(a)(1); see also United States v. Cornier-Ortiz, 361 F.3d 29, 37 (1st Cir. 2004). Defense counsel also notes that the government argued at closing that there was no burden on the government to prove that Cáceres-Cabrera knew the money came from narcotics proceeds, only that the money came from illegal activity.

The government rejoins that the court's result is based on the jury verdict along with other evidence the government produced at sentencing.[1]

The court asked for and heard a recitation of the government's evidence supporting the six-level increase. After that recitation, the court expressed, several times, considerable doubt that the evidence was enough to meet the government's burden of proving that the laundered monies were drug proceeds. The government then switched tactics and argued that the jury, in delivering the verdict of guilt, necessarily adopted the government's theory that the funds were drug funds, despite the

---

[1] The government also adds some arguments on appeal which were not directly presented to the district court. One of those arguments is that the defendant was untruthful on this very subject. He gave one version of events when he testified as to whether he knew the bag contained money and whether he knew the source of the money, and gave another version to the Probation Officer, as reflected in the P.S.R.

defense's objections that this was not an element of the crime and that the jury verdict form did not require any such finding.

The court then concluded, "[T]he adjustment has to be made in light of the verdict." It is unclear whether the court was implicitly ruling that the government's other evidence was insufficient, as the court had earlier suggested; or that the totality of the evidence, including the verdict, sufficed to meet the government's burden; or that the result was compelled by the jury verdict standing alone, regardless of the other evidence.

The sentencing transcript can be read to support either side's argument as to the court's reasons. We think that the proper course is to remand to the district court for clarification and a further statement of reasons. See United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc) ("[O]ur emphasis in reviewing . . . claims [contesting the treatment of various sentencing factors by the district court] will be on the provision of a reasoned explanation . . . ."); see also United States v. Catano, 65 F.3d 219, 231 (1st Cir. 1995) (remanding for further explanation); United States v. Levy, 897 F.2d 596, 599 (1st Cir. 1990) ("Where, as here, the record admits of possible ambiguity, our practice is to remand for a limited purpose."). Rather than retain jurisdiction, we remand for resentencing. See United States v. McDowell, 918 F.2d 1004, 1012 (1st Cir. 1990) (remanding for resentencing where appellate court cannot tell the

basis on which a four-level upward adjustment was given).  Nothing in this opinion should be taken as addressing the merits of the issues raised by the defendant.

This appeal is terminated.  If the defendant is dissatisfied with the district court's actions after remand, he should take a new appeal.

So ordered.