**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 21-1354

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ A. MÉNDEZ-RODRÍGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Gelpí, Howard, and Thompson,
Circuit Judges.

Alejandra Bird-López, Research and Writing Specialist, with whom Eric Alexander Vos, Federal Public Defender, and Franco L. Pérez-Redondo, Assistant Federal Public Defender, Supervisor, Appeals Division, were on brief, for appellant.

Jonathan L. Gottfried, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Gregory B. Conner, Assistant United States Attorney, were on brief, for appellee.

January 12, 2023

**GELPÍ**, **Circuit Judge**.    Defendant-Appellant José A. Méndez-Rodríguez entered a straight plea to a single count charge for the possession of a machinegun in violation of 18 U.S.C. § 922(o).  Before us, he challenges the procedural and substantive reasonableness of the upward variant sentence of thirty months' imprisonment imposed by the district court.  Because the district court did not explicitly provide its reasoning for imposing the upward variance, nor can we discern from the record the district court's rationale, we remand for clarification.

While conducting a preventive patrol, Puerto Rico Police officers were in front of a sports bar in Canóvanas, Puerto Rico, when they observed Méndez-Rodríguez walk into the bar and head towards the slot machines area.  One of the officers pointed his flashlight at Méndez-Rodríguez and noticed a black pistol magazine near his waistband area.  Subsequently, the officer approached him and asked whether he had a firearm license.  Méndez-Rodríguez responded saying that he did not have a license, and admitted that it was an illegal firearm.  The same was a Glock pistol, modified to shoot automatically and loaded with thirteen rounds of .40 caliber ammunition.  He also had two high-capacity magazines loaded with twenty-one and twenty-two rounds of .40 caliber ammunition, respectively.

Méndez-Rodríguez was arrested and taken to the police station, where he waived his Miranda rights and stated that he had

purchased the firearm on the black market for $1,200.00 two weeks earlier. He further stated that he bought the firearm for self-protection, because his neighborhood was dangerous, he added. He also indicated that he was unaware that the pistol had been modified to fire automatically.

On September 5, 2019, a grand jury for the District of Puerto Rico returned an indictment against Méndez-Rodríguez charging him with possession of a machinegun in violation of 18 U.S.C. § 922(o). On January 13, 2020, Méndez-Rodríguez entered a straight guilty plea. Thereafter, the U.S. Probation Office prepared and submitted to the district court a presentence report ("PSR"). The PSR calculated a base offense level of eighteen pursuant to U.S.S.G. § 2K2.1(a)(5). However, Méndez-Rodríguez received a three-level deduction for acceptance of responsibility, for a total offense level ("TOL") of fifteen. The PSR also stated that Méndez-Rodríguez had no known prior arrests or convictions. Based on Méndez-Rodríguez's TOL and criminal history, the PSR calculated the applicable Guideline sentencing range ("GSR") to be eighteen to twenty-four months of imprisonment.

In his sentencing memorandum, Méndez-Rodríguez sought probation or home confinement for he was a first-time offender. On the other hand, at the sentencing hearing, the government requested a sentence at the higher end of the GSR, that is, twenty-four months. The district court agreed with the GSR calculation

stated in the PSR. However, it concluded that varying upward to thirty months of imprisonment "reflect[ed] the seriousness of the offense." Méndez-Rodríguez objected to the procedural and substantive reasonableness of his sentence, arguing that the sentencing court had varied upward "for taking into consideration matters that are part of the [G]uidelines, which is the nature of the weapon." The district court responded by reminding Méndez-Rodríguez that "[the Guidelines] are advisory" and that "[it] also considered the fact that he had three magazines . . . and 56 rounds of ammunition." Méndez-Rodríguez timely appealed.

It is unclear from the record the reasons the court considered to impose a six-month variance. See Kimbrough v. United States, 552 U.S. 85, 101 (2007) (observing 18 U.S.C. § 3553(a)'s directive that district courts should consider "a number of factors" in determining the appropriate sentence, including, for example, "'the nature and circumstances of the offense,' 'the history and characteristics of the defendant,'" and "'the sentencing range established' by the Guidelines" (quoting 18 U.S.C. § 3553(a))). Here, such considerations might include (but are not necessarily limited to) the extra rounds of ammunition, the location of the offense, characteristics of the offender, or whether a sentence that deviates from the Guideline range reflects the seriousness of the offense. In other words, "the district [court] did not state in open court, with sufficient specificity,

the reasons for deciding this particular issue, which . . . impacted [Méndez-Rodríguez's] sentence." United States v. Catano, 65 F.3d 219, 231 (1st Cir. 1995); cf. United States v. Caceres-Cabrera, 219 F. App'x 18, 19 (1st Cir 2007) (remanding for clarification after it was unclear why the district court imposed a six-level increase under U.S.S.G. § 2S1.1(b)(1)).

We find that the proper course is to remand to the district court "for clarification and a further statement of reasons." Caceres-Cabrera, 219 F. App'x at 19; see also United States v. Levy, 897 F.2d 596, 599 (1st Cir. 1990) ("Where, as here, the record admits of possible ambiguity, our practice is to remand for a limited purpose."); United States v. McDowell, 918 F.2d 1004, 1012 (1st Cir. 1990) (remanding for resentencing where this court cannot tell the basis for an upward adjustment). "Nothing in this opinion should be taken as addressing the merits of the issues raised by the defendant." Caceres-Cabrera, 219 F. App'x at 20.

For the reasons elucidated above, we **remand** to the district court. This panel retains jurisdiction over this matter.